(No. 25211.—

THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellee. *vs.* THE PARK-DAVIS COMPANY, Appellant.

*Opinion filed October 13, 1939—Rehearing denied Dec. 12, 1939.*

WOODS, WOODS, BROWN & SALTER, (ADELBERT BROWN, and ROBERT N. HOLT, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, JOHN O. REES, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, and THOMAS M. THOMAS, of counsel,) for appellee.

Mr JUSTICE STONE delivered the opinion of the court:

This case arises on appellant's objections to taxes levied by the Chicago Park District for aquarium and museum maintenance, and for policemen's and employees' benefit. The sole question presented on this appeal from the county court of Cook county is, whether the 1935 amendment to the Chicago Park District act, which amendment is commonly called the "Pegged Levy act," limiting its levy to $9,000,000 for all corporate purposes exclusive of bond and interest requirements, requires that levies for aquariums,

museums and for annuity and benefit purposes be included within said limit. Appellant paid the tax in full, under protest, and sought refund of the portion claimed to be illegally levied. The county court sustained certain objections (not material here) and overruled those above mentioned.

The Chicago Park District levied a tax for corporate purposes $9,000,000, extended at a rate of .459904; aquarium and museum levy $500,507, extended at rate .015; police annuity and benefit levy $379,091.51, extended at rate .016666; employees' annuity and benefit levy $155,-555.55, extended at rate .007948, and bonds and interest levy $10,663,817.81, extended at rate .544926, making a total rate of 1.044444.

Appellant's objection is that the Pegged Levy act of 1935 limited the amount the Chicago Park District could levy in the year 1936 for all corporate purposes to $9,000,000 and that the aforesaid levies for aquarium and museum, policemen's annuity and benefit fund and employees' annuity and benefit fund, aggregating the rate of .039614, were in excess of the amount authorized and were illegal and void as to that excess. Appellee contends that the 1935 amendment, creating the "pegged" levy of $9,000,000, relates only to appropriations designated as "corporate" purposes and does not include aquarium and museum and annuity and benefit appropriations.

The Chicago Park District was created under an act of the legislature in 1933 (Laws of 1933, p. 725) which was adopted by a referendum election in April, 1934. It, by section 1 of the act, is declared to be in succession to all park districts then existing within the territory included within the proposed Chicago Park District, comprising all of the city of Chicago and such territory located without the corporate limits of said city as may be included in any existing park district lying partly within and partly without the limits of said city, and shall exercise control over and supervise the operation of all parks, boulevards,

ways and other public property now under the jurisdiction of any of said park districts. Section 7 vested the district with all the powers heretofore vested in park districts or corporate authorities, whose authority is, by the act, abrogated, and to exercise the powers stipulated in section 15 of the act, to establish, by ordinance, all rules and regulations for the government and protection of the property of the district. Section 9 provided that any arrangement or agreement existing at the time the act takes effect, with any museum, * * * aquarium, * * * or other institution, agency or association, public or private, then located or authorized to be located in any park, shall not be impaired or affected, but shall be continued in force by the provisions of the act.

Section 10 provided that all powers of taxation or assessment that may have become part of any contract of indebtedness incurred or entered into by any park districts or corporate authorities superseded by the new district shall be preserved only in so far as their exercise may become necessary to save and protect the rights of creditors or those holding obligations created in view or in respect of any tax, assessment or power of taxation or assessment, and may be exercised by the newly created district. Section 14 provided that the act approved June 10, 1911, as amended, relating to civil service in park systems, and the administration of a park policemen's annuity and benefit fund, shall apply to the new district, and that the act shall in no way be construed to affect the operation of the act of June 29, 1921, as amended, for the creation and administration of a park policemen's annuity and benefit fund or affect the operation of the act approved June 21, 1919, providing for the creation and administration and disbursement of a park employee's annuity and benefit fund, nor affect the rights of employees to pension or annuities nor any taxes authorized to be levied therefor. Section 15 empowered the district to acquire real estate and other property required or needed for any such park.

Section 19 empowered the district commission to levy and collect a general tax to be raised by taxation to be certified to the county clerk, and all taxes levied and certified shall be collected and enforced in the same manner and by the same officers as for State and county purposes; the aggregate amount of such taxes levied for one year, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon, shall not exceed the rate of three mills on each dollar of taxable property in said district on the aggregate value as equalized for State and county purposes. The county clerk, in reducing the tax levied as and when required to do so by virtue of an act concerning the levy and collection of taxes approved May 9, 1901, as amended, shall not include such Chicago Park District tax in the aggregate of all taxes to be reduced and no reduction of any tax levy made under the provisions of said act above mentioned, as amended, shall diminish any amount appropriated or levied for said Chicago Park District. If any park authorities superseded by this act shall have levied and collected taxes pursuant to an act concerning aquariums and museums in public parks, approved June 17, 1893, as amended, the commissioners of the Chicago Park District may continue to levy an annual tax pursuant to such act, but such tax levied shall not exceed the rate of one and one-half cents on each $100 of the assessed value of taxable property within such Chicago Park District and such tax shall be in addition to all other taxes which such park commissioners may levy and shall not be subject to reduction under, and shall not be considered by the county clerk in reducing tax levies under section 2 of the act of May 9, 1901, as amended, and the county clerk shall not include same in the limitations of one per cent of the assessed valuation upon which taxes are to be extended as provided in said last mentioned act.

Section 9 of the Park Policemen's Annuity and Benefit Fund act, approved June 29, 1921, as amended by an act approved July 10, 1933, referred to in section 14 of the

Chicago Park District act, provides for the levy by each of the park boards of an annual tax (in addition to the taxes now authorized by law) upon all taxable property embraced in the district, and said taxes "shall not be included within any limitation of rate for general park purposes as now or hereafter provided by law but shall be excluded therefrom and be in addition thereto." Said taxes shall not be included in the aggregate of all taxes to be reduced under the provisions of the act of May 9, 1901, as amended, and the tax to be levied is limited to one-sixth of a mill on the dollar of all taxable property embraced within the park district. Section 3 of the Park Employee's Annuity and Benefit Fund act, approved in 1933, similarly provides that taxes assessed for that purpose shall not be "included within any limitations of rate for general park purposes * * * but shall be excluded therefrom and be in addition thereto."

Counsel for appellant cite cases holding that language in a tax statute "in addition to all other taxes" does not authorize taxes beyond the rate allowed such taxing district. In those cases nothing was found in the acts authorizing the tax that excluded it from the rate allowed by statute and it was held that though the taxes, such as mothers' pension tax and sanitarium tax, were not to be scaled under the act known as the "Juul law," yet they were to be included within the limit allowed the taxing district. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* id. 214; *People* v. *Wabash Railway Co.* 286 id. 15.) In the case before us, as we have seen, the Policemen's Annuity act, (Ill. Rev. Stat. 1937, chap. 105, par. 342, p. 2288,) and the Employee's Annuity act, (Ill. Rev. Stat. 1937, chap. 105, par. 403, *et seq.* p. 2313,) each specifically provides that the tax shall be in addition to and in excess of the rates authorized by the Park District act. The Aquarium and Museum act provides a tax "in addition to all other taxes" (Smith-Hurd Stat.

1933, chap. 105, sec. 2, p. 2048) and section 2 of the Juul law (Smith-Hurd Stat. 1933, chap. 120, p. 2426) provides, as to Chicago Park District taxes, that they shall not be reduced "below the maximum rate allowed by law * * * exclusive of * * * levies for the maintenance and care of aquariums and museums." Under the cases cited this is not sufficient to take aquarium and museum taxes out of the limit for corporate purposes. The Juul law, so-called, is not an act authorizing a tax. It seems clear from these statutory provisions that the policemen's annuity and employees' annuity taxes are not to be included in the rate fixed by the Pegged Levy act for corporate park purposes, but that the aquarium and museum tax must be. This conclusion as to the latter tax, is supported by the consideration that the maintenance of aquariums and museums, is, in popular conception, normally within the corporate functions of park districts.

The language of the act creating the Chicago Park District is clear and unambiguous and shows a legislative intent to authorize the Chicago Park District to levy a tax of not to exceed three mills on the dollar for all corporate park purposes, and in the same section expressly provides that a tax of not to exceed one and one-half cents on each one hundred dollars is authorized to be levied under the acts creating civil service in park systems and creation of park employees' annuity and benefit fund, which shall not be affected by the act, nor any taxes authorized to be levied therefor.

The 1935 amendment to section 19, commonly called the Pegged Levy act, in so far as it affects the limitation on the rate allowed, is a reenactment of said section in the original act with the addition of the following: "Provided, however, the aggregate amount of taxes so levied for each of the years 1935 and 1936 shall not exceed the rate of three mills on each dollar of taxable property in said district or the rate that will produce when extended the sum

of $9,000,000, whichever may be the greater, for each of said years." The amendment of that section does not purport to repeal, amend or change any other section of that act nor any section or sections of any other act.

It is clear that the object of the amendment was to enable the park district to levy for 1935 and 1936 a tax of $9,000,000 for the same purposes as the three mills on the dollar limitation contained in the act of 1933 would raise, whichever was the greater. Section 19 of the 1933 act, and likewise the 1935 amendment, provided for an "aggregate amount levied for any one year exclusive of the amount levied for the payment of bonded indebtedness or interest thereon," and did not require that the levy for park police and employee's annuity and benefit funds be within the three mills limitation, evidently because section 14 of the 1933 act specifically provided that the act shall in no way be construed to affect the operation of those acts. The 1935 amendment does not in any way repeal or modify section 14 of the 1933 act.

From the foregoing it is clear that appellant's contention that the words, "the aggregate amount of taxes levied for any one year exclusive of the amount levied for the payment of bonded indebtedness or interest thereon," were meant to require that the tax authorized for park policemen's and employee's annuity and benefit funds be within the $9,000,000 maximum authorized by the 1935 amendment to section 19, cannot be sustained. We are of the opinion, however, that as to the aquarium and museum tax, the objection should have been sustained.

The judgment of the county court is affirmed as to the policemen's and employees' annuity and benefit funds tax and reversed as to the aquarium and museum tax, and the cause is remanded, with directions to sustain appellant's objections to the latter tax.

*Affirmed in part, reversed in part*
*and remanded, with directions.*