(No. 12438.—Judgment affirmed.)

THE PEOPLE *ex rel.* Grant Graff, County Collector, Appellant, *vs.* THE WABASH RAILWAY COMPANY, Appellee.

*Opinion filed December 18, 1918.*

TAXES—*vote for tuberculosis sanitarium tax does not authorize a tax in excess of constitutional limitation.* A vote in favor of a tuberculosis sanitarium tax under the act of 1915 does not authorize a tax in excess of the constitutional limitation for county taxes, as the provision of the act of 1915 that the tax shall be in addition to all other taxes means only that it shall be in addition to other taxes authorized by the General Assembly and shall not be subject to reduction.

APPEAL from the County Court of Morgan county; the Hon. WILLIAM E. THOMSON, Judge, presiding.

CARL E. ROBINSON, State's Attorney, for appellant.

BELLATTI, BELLATTI & MORIARTY, (WILSON & BUTLER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The board of county commissioners of Morgan county levied a tax for the year 1917 of $160,000, which was at the rate of ninety cents on each $100 valuation of taxable property in the county. The tax for general county purposes amounted to seventy-five cents on the $100 valuation and the additional rate of fifteen cents on the $100 was for an item of $36,000 for the establishment and maintenance of the county tuberculosis sanitarium. The county collector extended the county tax at the rate of ninety cents on each $100 valuation, and the Wabash Railway Company paid the tax levied on its property except the excess above seventy-five cents on the $100 valuation, amounting to $523.35, levied for the tuberculosis sanitarium. The sheriff, *ex-officio* county collector, applied to the county court

for judgment against property of the railway company and an order of sale to pay and satisfy that item of the tax. The railway company filed objections, which were sustained by the county court, and judgment was refused.

Section 8 of article 9 of the constitution prohibits county authorities from assessing taxes the aggregate of which shall exceed seventy-five cents per $100 valuation except for the payment of indebtedness existing at the adoption of the constitution, unless authorized by a vote of the people of the county. If there was no vote of the people of the county authorizing the tax in question it was illegal and void. It was stipulated that there was no other vote authorizing the levy of a tax in excess of seventy-five cents per $100 valuation except a vote authorized by the act entitled "An act to authorize county authorities to establish and maintain a county tuberculosis sanitarium, and branches, dispensaries and other auxiliary institutions connected with the same, and to levy and collect a tax to pay the cost of their establishment and maintenance." (Laws of 1915, p. 346.) That act provides that the county board of each county shall have power, in the manner therein provided, to establish and maintain a county tuberculosis sanitarium and branches, dispensaries and other auxiliary institutions connected with the same, upon an affirmative vote of the people for the levy of a tax for that purpose. A petition containing the required number of signatures was filed in the office of the county clerk on September 21, 1916, asking for the levy of an annual tax for the establishment and maintenance of a county tuberculosis sanitarium in accordance with the act. Notice was given, and at the general election on November 7, 1916, the following propositions were submitted to the voters: "For the levy of a tax for a county tuberculosis sanitarium," and "Against the levy of a tax for a county tuberculosis sanitarium." The proposition for the levy of a tax was carried and the board levied the tax in question for $36,000.

The question presented is whether that vote authorized the levy of a tax in excess of the constitutional limitation. The reason offered in support of the claim that it did is, that the act provides, in the case of an affirmative vote, that the county board shall thereafter annually levy a tax not to exceed three mills on the dollar of all taxable property of the county, to be levied and collected in like manner with the general taxes of the county, which shall be in addition to all other taxes which the county is now or hereafter may be authorized to levy on the aggregate valuation of all property within the county. The argument is, that if the people vote for the levy of the tax under the act they thereby authorize a tax in excess of the limitation fixed by the constitution. Whether or not the General Assembly can by an act provide that a tax, if authorized by the people of the county, shall be in excess of the constitutional limitation where the ballot does not so provide and the attention of the voter is not in any manner directed to the fact that the tax will be in excess of the constitutional limitation, the act under consideration will not bear the construction contended for. Evidently the provision that the tax shall be in addition to all other taxes which the county may be authorized to levy relates to the words following that provision in the same section, and even in the same sentence, that the county clerk, in reducing tax levies, shall not consider the tax as a part of the general tax levy for county purposes and shall not include the same in the limitation of three per cent of the assessed valuation upon which taxes are required to be extended. The county board has no inherent power to levy taxes, and the constitution does not authorize any tax by a county board but the authority to levy depends upon legislation. (*Booth v. Opel,* 244 Ill. 317.) The provision that the tax shall be in addition to all other taxes which the county is authorized to levy necessarily refers to authority conferred by the General Assembly, and the declared intention is that the tax for a tuberculosis sanitarium

286 — 2

shall be in addition to other taxes authorized by the General Assembly and not subject to reduction with the other taxes. It is further evident that the construction contended for is wrong because the tax, if authorized by vote, may or may not be in excess of the constitutional limitation, depending upon whether the county board finds it necessary to levy a tax up to the constitutional limitation for other county purposes. The General Assembly could not have meant that the tax should be outside of the constitutional limitation, because it could not exceed such limitation unless other taxes were assessed up to the limit. The General Assembly has provided, by section 27 of the act in relation to counties, a definite method by which a tax exceeding seventy-five cents per $100 valuation may be authorized, and has provided that the county board may, by an order entered of record, set forth substantially the amount of such excess required, the purpose for which the same will be required and the number of years such excess will be required to be levied, and the votes are to be "For additional tax" or "Against additional tax." In the act for the establishment of a tuberculosis sanitarium there is no reference to the general act and no exception from its provisions. It would be strange if the General Assembly intended that an annual tax with no limit of time, which might or might not exceed seventy-five cents on each $100 valuation, should be in excess of the limitation merely on account of any provision of this act.

The railway company paid the tax for which it was legally liable, and the court did not err in sustaining objections to the illegal and unauthorized excess.

The judgment is affirmed.          *Judgment affirmed.*