(No. 13538.—Judgment reversed.)

THE PEOPLE *ex rel.* George M. Reynolds, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1920.*

1. TAXES—*county cannot levy taxes in excess of limitation of constitution or statute.* County authorities must have express authority, either under the constitution or an act of the legislature, to levy and collect taxes, and they have no right to levy taxes for county purposes at a rate exceeding the limitation fixed by either.

2. SAME—*without a referendum vote county cannot levy tax in excess of rate of fifty cents on the $100.* A county cannot levy a tax for county purposes in excess of the rate of fifty cents on the $100 valuation, as provided in sections 25 and 27 of the act in relation to counties, without having the question of the excess tax properly submitted to the people of the county and obtaining a majority vote therefor.

3. SAME—*tax for county tuberculosis sanitarium cannot be assessed in addition to fifty cent rate.* Under sections 25 and 27 of the act of 1919 in relation to counties, (Laws of 1919, pp. 740, 741,) a county which has adopted the Tuberculosis Sanitarium act is not authorized, in the absence of a vote of the people, to levy a tax for the sanitarium fund in addition to the fifty cent rate fixed by said sections, as the provision of the Tuberculosis Sanitarium act that said tax shall be "in addition to all other taxes" means only that the tax is another county tax and is not subject to reduction.

4. STATUTES—*statutes enacted at same time and relating to same subject matter should be construed together.* Statutes passed, approved and to take effect on the same day and relating to the same subject matter will be assumed to have been enacted at the same time and are to be construed as one act, so that every provision shall stand, if possible.

APPEAL from the County Court of LaSalle county; the Hon. HARRY RECK, Judge, presiding.

J. A. CONNELL, EDGAR R. HART, and BOYS, OSBORN & GRIGGS, for appellant.

ELMER E. ROBERTS, and KELLY, KELLY & KELLY, for appellee:

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Objections were filed by appellant, the Chicago, Burlington and Quincy Railroad Company, against a tax on its railroad properties in the county of LaSalle of one mill on the dollar for the establishment and maintenance of the LaSalle county tuberculosis sanitarium. This rate extended against the assessed valuation of appellant's property in said county produced the sum of $2295.20, the amount involved in this appeal. The objections were overruled and an order and judgment of sale were entered by the county court, from which judgment and order this appeal is prosecuted.

In the year 1916 the voters of LaSalle county adopted the provisions of the County Tuberculosis Sanitarium act. (Laws of 1915, p. 346.) At the September session for the year 1919 the county board of supervisors made a levy of fifty cents on the $100 assessed valuation for general county purposes and an additional levy of ten cents on the $100 for the establishment and maintenance of a LaSalle county tuberculosis sanitarium, which made the total rate assessed by the county sixty cents. It is this excess of ten cents on the $100 assessed valuation that appellant contends is void because it conflicts with sections 25 and 27 of chapter 34, as amended in 1919. (Laws of 1919, pp. 740-741.)

Section 25 as amended provides that county boards shall cause to be annually levied and collected taxes for county purposes, including all purposes for which money may be raised by the county boards by taxation, not exceeding fifty

cents on the $100 valuation.    Section 27 as amended pro-
vides that whenever the county board shall deem it neces-
sary to assess taxes the aggregate of which shall exceed
the rate of fifty cents on the $100 valuation of the prop-
erty of the county, except when such excess is to be used
for the payment of indebtedness existing at the adoption
of the constitution, it may by an order entered of record
set forth substantially the amount of such excess required,
the purpose for which the same will be required and the
number of years such excess will be required to be levied,
and if for the payment of interest or principal, or both,
on bonds, shall in a general way designate the bonds and
specify the number of years such excess will be required to
be levied, and provide for the submission of the question
of assessing the additional rate required to a vote of the
people of the county at the next election held in such county
after the adoption of the resolution.

At the time the levy was made LaSalle county had no
indebtedness which existed at the adoption of the consti-
tution.    There was no vote of the people of LaSalle county
authorizing the additional levy of ten cents on the $100
above the fifty cent limit, and there was no resolution or
order of the county board, as required by section 27, mak-
ing provision for such excess levy.

The Tuberculosis Sanitarium act was amended on the
same day the aforesaid sections 25 and 27 were amended,
June 30, 1919, so as to authorize and empower county
boards to levy a tax not to exceed two mills on the dollar
annually upon all taxable property of such counties, to be
known as the tuberculosis sanitarium fund, which tax shall
be in addition to all other taxes which such county is now
or hereafter may be authorized to levy, and the county clerk
in reducing tax levies under the provisions of section 2 of
an act entitled "An act concerning the levy and extension
of taxes," approved May 9, 1901, as subsequently amended,
shall not consider the tax for the tuberculosis sanitarium

fund as a part of the general tax levy for county pur-
poses, and shall not include the same in the limitation of
two per cent of the assessed valuation upon which taxes are
required to be extended.

Appellant's contention is that only upon a proper ref-
erendum vote can the county board of any county levy a
tax in excess of fifty cents for county purposes, and that
the tax in question is a county tax for county purposes, and
that the excess tax in question is therefore void. Appellee
contends that section 27 aforesaid was enacted by the leg-
islature solely in view of section 8 of article 9 of the con-
stitution of Illinois, which provides, in substance, that no
greater rate than seventy-five cents shall be levied for
county purposes without a referendum vote of the people,
and that it does not apply in this case because the total rate
levied for all county purposes, including the tax in ques-
tion, was only sixty cents. Appellee also contends that if
this construction be not adopted, section 27, as amended
in 1919, will be unconstitutional, because to construe it as
appellant contends and give it effect would render impos-
sible the collection of the tax in question, and thereby im-
pair the obligation of the county, imposed by the statute,
to levy and collect a tax to discharge such obligation.

There can be no question about the obligation and duty
of the county board to levy and collect the tax in ques-
tion. The real question to be decided in this case is whether
or not the tax to be collected shall come within the limi-
tation of fifty cents fixed by section 27, or shall be in ad-
dition to such limitation, as contended by the appellee. No
matter which way we construe said provisions of the statute
no obligation of contract will be impaired, because the tax
may be collected for the purposes in question without ex-
ceeding the limitation of fifty cents for all county purposes,
including the tax in question. County authorities must
have express authority, either under the constitution or an
act of the legislature, to levy and collect taxes, and they

have no right to levy taxes for county purposes at a rate exceeding the limitation fixed by either the constitution or an act of the legislature. A limitation fixed by the legislature is just as binding upon municipal authorities as that fixed by the constitution. (*People* v. *Hoerr*, 294 Ill. 338.) In the latter case this court also held that the amendments of 1919 to sections 25 and 27, and the various amendments made at the same time to the Juul law and to other sections of our Revenue act, were enacted for the purpose of giving to municipalities increased power in creating obligations of indebtedness, and were intended to permit just the same amount of taxes to be collected under the present rate of fifty cents for county purposes as could be collected under the old rate of seventy-five cents. The authority and power of counties to collect taxes under the various amendments aforesaid are in no way impaired, as the fifty cent rate,—now the limitation for county purposes,—permits just as much taxes to be collected as were collected under the old rate of seventy-five cents.

Sections 25 and 27 contain the same positive provisions they contained before they were amended, the only difference being that the limit fixed for county taxation is now fifty cents instead of seventy-five, as under the old law. Section 25 positively provides that the rate of fifty cents is the limit for all county purposes, except that there may be an additional tax of sixty-six and two-thirds cents for paying interest and principal of indebtedness existing at the time of the adoption of our State constitution. Section 27 just as positively provides that whenever the county board deems it necessary to assess taxes at a greater rate than fifty cents, except for indebtedness existing at the adoption of the constitution, it is empowered to make such excess levy by having the question properly submitted to the people of the county and obtaining a majority vote therefor. The plain meaning of these sections is that the only way the county rate may be made to exceed fifty cents is by the

obtaining of such referendum vote as aforesaid. In other words, this is just as positive a limitation by the legislature that the fifty cent rate cannot be exceeded except by a vote of the. people, as the one made by the constitution that the rate of taxation of a county cannot exceed the rate of seventy-five cents except by a vote of the people, and both are equally binding. Sections 25 and 27 are constitutional and valid provisions of our statute, as there is not a provision in the constitution anywhere that questions the right or power of the legislature to make such a limitation. The only limitation in this regard is that the legislature cannot authorize a greater rate for county purposes than seventy-five cents unless the same is sanctioned by a vote of the people. We think there can be no doubt that the foregoing is the proper construction to be placed upon sections 25 and 27.

The provision of the statute in question as amended, that the tax shall be in addition to all other taxes which the county may be authorized to levy, is the same as in the original act that was passed in 1915. That provision has heretofore been interpreted by this court in the case of *People* v. *Wabash Railway Co.* 286 Ill. 15, to relate to the words following the provision in the same section and in the same sentence, that the county clerk in reducing tax levies shall not consider the tax as a part of the general tax levy for county purposes and shall not include the same in the limitation of three per cent (now two per cent) of the assessed valuation upon which taxes are required to be extended, and refers to authority conferred by the General Assembly. The declared intention is, as held by us in the case cited, that the tax for a tuberculosis sanitarium shall be in addition to other taxes authorized by the General Assembly and not subject to reduction under the Juul law with the other taxes. The idea contained in this section is not that this tax shall be assessed in addition to the fifty cent rate, but that it shall be in addition to all other taxes

assessed for county purposes. The intent is nowhere expressed in this section that the limit of fifty cents can be exceeded without a vote of the people. The intent is positively expressed in sections 25 and 27 that the limit for all taxation for county purposes is fifty cents, and the tuberculosis sanitarium tax must be included in that limit because it is unquestionably a tax for county purposes, and it is only to be considered otherwise in the scaling process under the Juul law. In other words, it is a county tax but not subject to be scaled. It is to be levied and collected in like manner as the general taxes of the county, which shall be "in addition to all other taxes which the county now or hereafter may be authorized to levy." All other taxes which the county is now authorized to levy necessarily can not amount to fifty cents on the $100, because the rate for all county purposes, which necessarily includes the sanitarium tax, cannot exceed fifty cents.

In arriving at the foregoing conclusion we are guided by the familiar rule that statutes passed, approved and to take effect on the same day, and relating to the same subject matter, will be assumed to have been enacted at the same time and are to be construed as one act. Such construction should be given to such statutes, if possible, as shall leave all to stand. If this cannot be done, only so much is to be disregarded as cannot stand. *Territory* v. *Wingfield,* 2 Ariz. 305.

The county board was in duty bound to levy the tax in question, and to levy it in full without scaling, in addition to all other county taxes, but the total rate for this tax and for all other county purposes could not have exceeded the rate of fifty cents. The excess tax in question over fifty cents is therefore void for the reasons aforesaid and the court erred in not sustaining the objection.

The judgment of the county court is therefore reversed.

*Judgment reversed.*