(No. 26147.—

THE PEOPLE ex rel. Fred W. Smith, County Collector, Appellee, vs. THE WABASH RAILWAY COMPANY et al. Appellants.

*Opinion filed June 17, 1941.*

L. H. STRASSER, and WILLIAMS & WILLIAMS, for appellants.

MERRILL H. JOHNSTON, State's Attorney, (ARTHUR AULL, and GRAHAM & GRAHAM, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The appellants objected to the county collector's application for judgment and sale of their real estate for delinquent 1939 taxes. The county court of Pike county overruled certain objections and since the revenue is involved, appellants have appealed directly to this court.

One objection was to the following item in the general corporate purpose levy for Pike county: "Courthouse, janitor supplies, water, lights, telephone, etc., $1600." Appellants insist that this constituted the levy of a tax for separate and distinct purposes without specifying what amount was levied for each separate purpose, contrary to the provision of the Revenue act (Ill. Rev. Stat. 1939, chap. 120,

par. 637) as follows: "When for several purposes, the amount for each purpose shall be stated separately."

This court held the following items in tax levies did not meet such statutory requirements: "For public grounds and buildings, repairs, upkeep and maintenance," (*People* v. *Wabash Railway Co.* 374 Ill. 165); "County farm, $3600," "Heat, light and water, courthouse and jail $2300," (*People* v. *Alton and Eastern Railroad Co.* 359 id. 440); "County jail, $15,000, workhouse, $1200, and for courthouse, $35,000," (*People* v. *Bowman,* 253 id. 234); "Public buildings account" and "County Jail Fund account" (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 243 id. 217.) The item before us, contained in the levy ordinance adopted by the county board of supervisors of Pike county, at its September meeting in 1939, for the current year, cannot be distinguished from those just referred to, and is invalid.

Appellee claims that other items in the levy such as "Public grounds and buildings, repair, upkeep and maintenance" (to which the county court sustained an objection) "fuel for courthouse and jail," "County home, upkeep and repairs," "Insurance county buildings, etc.," (giving the amount of each item), if considered with the item objected to, sufficiently inform the taxpayer as to that item. This, however, does not cure the vice complained of, for "Courthouse, janitor supplies, water, lights, telephone, etc.," are not related, incidental items which may properly be embraced in a general designation, as was held to be the case in one item objected to and passed upon in *People* v. *Bowman, supra.*

Appellee also relies on the holdings of this court in *People* v. *Jackson,* 272 Ill. 494, and *People* v. *Chicago and Eastern Illinois Railway Co.* 336 id. 506. The decision in the *Jackson case* misapplied the holding of this court in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 Ill. 196. In this latter case the holding was an item

in the levy, "For repairs upon and care, support and maintenance of courthouse, $4c00," was not objectionable because these items constituted a part of one general purpose and that a reasonable construction of the statutory requirement as to itemization did not require the cost of the component parts to be shown separately. In the *Jackson case* the item was "Public buildings, light, heat and repairs, $12,000," and in the *Chicago and Eastern Illinois Railway Co. case,* the item objected to was "Light and water, Courthouse and jail, $1200," "Courthouse and jail, supplies and repairs, $1500." The holdings in these two cases are not consistent with the later decisions of this court and, in so far as they are not, they are not adhered to. The county court erred in overruling appellants' objection to the $1600 item in the county levy.

Appellants also objected to a levy of $7250, $231.12 of which was extended against their property, and was for tuberculosis sanitarium, which tax was in addition to the 25-cent county rate. This objection in part reads: "For the reason that said county board was without authority to make said levy in addition to the 25c limitation, without a vote of the people for such purpose," etc. The appellee contends, but without merit, that the objection is limited to the question whether a tuberculosis sanitarium tax had been authorized by a vote of the People, and that the objection does not question the validity of the item because the 25-cent rate was exceeded.

It was stipulated that: "In the Supervisors' record of the June Meeting 1918 appears the following: 'WHEREAS, more than one hundred legal voters of Pike County have presented their petition to this body asking that an annual tax may be levied for the establishment and maintenance of a county tuberculosis sanitarium, and branches, dispensaries and other auxiliary institutions, connected with the same in the County of Pike and State of Illinois in accordance with An Act entitled 'An Act to authorize County

authorities to establish and maintain a County tuberculosis sanitarium and branches, dispensaries and other auxiliary institutions connected with the same, and to levy and collect a tax to pay the cost of establishment and maintenance,' approved June 28, 1915, and in force July 1, 1915.

· "ORDERED, that the County Clerk of Pike County be, and he is hereby instructed to give notice that at the next regular general election to be held in such County on the 5th day of November, every elector may vote, 'For the levy of a tax for a County tuberculosis sanitarium or against the levy of a tax for a County tuberculosis sanitarium,' and it is further

"ORDERED, that the County Clerk of Pike County, Illinois, be and he is hereby instructed to take the proper legal steps to have the said above proposition placed upon the ballot for the said next legal election to be held on the 5th day of November in the County of Pike and the State of Illinois.

"In the Supervisors' record of the December meeting 1918 appears the following: 'WHEREAS, there seems to be some misunderstanding relative to just what action should be taken by the Board in regard to the tuberculosis sanitarium which was voted for at the November election.' " It was also stipulated that there are no other records concerning the election or vote on this proposition. A tuberculosis sanitarium tax was levied from 1919 to 1928, inclusive, but not again until 1939. This resolution of the board of supervisors only authorized the county clerk to take the proper legal steps to have "the above proposition" placed upon the ballot "for the said next legal election to be held on the 5th day of November in the County of Pike and State of Illinois." The recitals in this resolution show that the board only authorized the clerk to act under section 2 of the Tuberculosis Sanitarium statute. (Hurd's Stat. 1917, chap. 34, par. 146.) The resolution says nothing about an addition to the county general corporate purpose

tax rate. The county clerk's authority in the matter was limited to what this resolution contained. In the absence of a showing to the contrary we must assume that the county clerk did his duty according to law and submitted to the electors of Pike county the proposition as stated in the resolution.

The stipulation also shows that the item objected to was levied in 1939, in addition to the levy of 25 cents per $100 assessed valuation of appellants' property for general corporate purposes of the county. This court has held that when a vote is taken under section 2 and the tax mentioned in section 1 of the act is levied (Hurd's Stat. 1917, chap. 34, par. 145) the tax is one for a general corporate purpose and must be included in the 25-cent rate. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191.) The county court erred in overruling this objection.

The next objection of the appellants was as follows: "These objectors object to the entire tax levied by the Village of New Salem for the reason that the appropriation ordinance of said Village was passed on the 4th day of April, 1939, and was thereafter posted in said Village on the 8th day of April, 1939, and the levy ordinance passed by said Village Council was passed on the 4th day of April, 1939, and thereby there were no valid appropriations in force in said Village at the time said levy ordinance was passed and the tax extended against the property of these objectors in the amount of $118.77 to meet said illegal levy is illegal and void."

The proof shows the clerk of the village filed a certified copy of the tax levy ordinance with the county clerk of Pike county, which was in part as follows: "Whereas the Town Board of the Town of New Salem in the County of Pike and State of Illinois, did on the 4 day of April, A. D., 1939, pass the annual appropriation bill for said Town for the fiscal year beginning on the first day of March, A. D., 1939, the amount of which is ascertained

to be the aggregate sum of 1195.00 Dollars, which said appropriation bill was duly Posted on the 8 day of March, A. D., 1939," etc. Appellants introduced this certified copy in evidence and, in rebuttal, appellee produced Earl Bagent, the village clerk, who testified that he was such clerk on March 7, 1939. He produced his record book which contained the minutes of a regular meeting of the President and Board of Trustees of the town of New Salem, held on March 7, 1939, and testified that the minutes of that meeting appeared at page 1 of that book. The material part of those minutes is: "A motion made by Toole to *apporate* $1195.00 for the *fical* year Begining March 1, 1939, to 1940 Sec by Moore and passed by Board." This witness also testified that the roll was not called on this motion but that the "President of the Board asked for those in favor of the motion to adopt the Appropriation Ordinance to vote 'aye,' and those opposed thereto to vote 'nay'." This was not an aye and nay vote. (*People* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 352, 354.) Bagent said he kept no permanent record of ordinances, but he produced two sheets which he said contained the appropriation ordinance which was adopted March 7, 1939. Appellants objected to the introduction in evidence of the minute book and appropriation ordinance "because the record failed to show a legal passage of said Appropriation Ordinance, since no AYE and NAE vote was taken thereon and recorded as required by law, and for the further reason that there was no permanent record of the passage of said ordinance." Their objection was overruled, as was also their further objection to leave being granted to amend the certified copy of the levy ordinance to show that the appriation ordinance was passed on March 7, 1939. The ground of the latter objection was "the evidence offered to justify said amendment of said certificate of levy failed to show that the Appropriation Ordinance was legally passed on the 7th day of March, 1939."

The court denied appellants' motion to amend their tax objection by striking out the reference to dates in connection with the passage of the appropriation ordinance. The amendment if allowed, would have made the tax objection in question read: "There were no valid appropriations in force in said Village at the time said levy ordinance was passed," etc.

Appellants insist that the court abused its discretion when it refused to grant their motion to amend their tax objection. They had a right to rely on the certified copy of the tax levy ordinance filed with the county clerk, when they prepared and filed their tax objections. They could not foresee that the witness Bagent would testify as he did or that this record would be amended by leave of court. This court has held mandatory, statutory requirements that municipalities take and record a yea and nay vote on the adoption of various legislative acts, including appropriations of money. (*People* v. *Chicago and Eastern Illinois Railway Co. supra.*) The statutory provision which applies here is found in the Cities and Villages act (Ill. Rev. Stat. 1939, chap. 24, par. 44) and reads, in part: "The yeas and nays shall be taken upon the passage of all ordinances, and on all propositions to create any liability against the city, or for the expenditure or appropriation of its money * * * which shall be entered on the journal of its proceedings," etc. The proof here shows that no valid appropriation ordinance was passed on March 7, 1939. The motion for leave to amend should have been granted and the county court erred in its ruling.

The judgment of the county court of Pike county is reversed as to each of the above objections and the cause is remanded, with directions to sustain the first and second objections discussed and to allow the appellants' motion to amend the third tax objection, and to sustain that objection, as amended.

*Reversed and remanded, with directions.*