(No. 26312.— )

THE PEOPLE *ex rel.* J. Arthur Tolliver, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed November 18, 1941.*

JOHN E. HOGAN, for appellant.

THOMAS SWEENEY, State's Attorney, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order and judgment of the county court of Christian county overruling the objections of appellant to certain taxes extended against its property for the year 1938. The only taxes here involved are those levied and extended for the establishment and maintenance of a county tuberculosis sanitarium in said county.

The case was tried on a stipulation of facts. From the stipulation it appears that a petition signed by more than one hundred legal voters was filed with the county board requesting that an annual tax be levied for the establishment and maintenance of a county turberculosis sanitarium. The petition was in conformity with section 2 of the County Tuberculosis Sanitariums act passed in 1915, as amended. (Ill. Rev. Stat. 1941, chap. 34, par. 165.) No question is

raised as to the sufficiency of the petition. It was further stipulated that at its September meeting, 1938, the county board passed a resolution directing the county clerk to give notice and to submit to the legal voters of said county at the next regular general election the proposition to levy a tax for a county tuberculosis sanitarium. In compliance with this resolution the county clerk gave notice and the proposition was submitted, at the general election held on November 8, 1938. A majority of the voters voting on the proposition in said election voted in favor of the tax. At an adjourned meeting of the county board held on November 15, 1938, a resolution was adopted by which the county board appropriated and levied the sum of $50,000 for the purpose of providing a sanitarium and care of tubercular patients in said county, or in private or public sanitariums. For the purpose of raising the amount so appropriated, a tax was levied on all the taxable property in the county at the rate of one and one-half mills on each one dollar of the assessed valuation. The county clerk extended the taxes in excess of the rate of twenty-five cents on each one hundred dollars assessed valuation, extended for other county purposes. The amount extended against appellant's property for this purpose was $1372.82. The court overruled appellant's objections and entered judgment ordering a sale of its property.

The sole issue before this court is the validity of this tax. It is contended by appellant that the ballot was not in accordance with the requirements of the provisions of section 27 of the Counties act, (Ill. Rev. Stat. 1941, chap. 34, par. 27,) and further that the taxes so authorized and levied could not be extended in excess of the statutory maximum rate of twenty-five cents on each one hundred dollars assessed valuation fixed by section 25 of the Counties act. (Ill. Rev. Stat. 1941, chap. 34, par. 25.) Section 27 of the Counties act applies generally to the levy and extension of taxes for county purposes in addition to

the statutory limit. It requires that the question submitted shall be "For additional tax in excess of statutory limit of —— cents per one hundred dollars valuation," and against the additional tax in the same language.

Section 2 of the County Tuberculosis Sanitariums act prescribes the form of the question to be submitted to authorize the levy of a tax for the purposes mentioned in said act as "For the levy of a tax for county tuberculosis sanitariums," or against the levy of a tax in the same language. The ballots used in this case were in the following form:

"For the levy of a tax for a County Tuberculosis Sanitarium.

Against the levy of a tax for a County Tuberculosis Sanitarium."

It will thus be seen that while the ballot used in this case did not conform to the language of section 27 of the Counties act, it was in the exact language of section 2 of the County Tuberculosis Sanitariums act. These two sections of the statute do not relate to the same subject matter.

The objections urged by appellant against the validity of the taxes here involved is that the vote had on the proposition did not authorize the extension of the taxes in excess of the maximum rate of twenty-five cents on each one hundred dollars assessed valuation for county purposes, as limited by section 25 of the Counties act. It is obvious that neither the resolution of the county board, nor the form in which the proposition was submitted by the ballots used, advised the voter that the taxes, if authorized, were to be extended in excess of the twenty-five cent maximum rate for county purposes, as fixed by said section 25. That section fixes the limit beyond which the county authorities may not go in levying taxes unless authorized by referendum vote. Section 27 provides the manner in which such vote shall be taken in order to authorize the county board to levy taxes in excess of the statutory limit

of twenty-five cents fixed by section 25. Section 27 provides for a resolution of the county board setting forth the amount of such excess tax to be levied for the purposes for which the tax is required, together with the number of years such excess tax will be required to be levied. In providing for the submission of the proposition to the voters the form in which it shall be submitted is set out. Among other things this form requires is that the specific excess rate shall be stated in the proposition.

Section 2 of the County Tuberculosis Sanitariums act authorizes a county to levy taxes for county tuberculosis sanitarium purposes at a rate of not to exceed one and one-half mills on the dollar, to be levied annually, when authorized by a vote of the people, as provided in that section. There is nothing in that section which authorizes the extension of the taxes in excess of the maximum rate for general county purposes as fixed by section 25 of the Counties act.

The referendum vote had in Christian county in 1938 was sufficient to authorize the county board to levy a tax for the purposes mentioned in section 2 of the County Tuberculosis Sanitariums act. The question was submitted under, and in accordance with, that section. The approval of the proposition by a majority of the voters, while it authorized the levy of the tax, did not authorize the tax to be extended in excess of the twenty-five cent rate fixed for general county purposes, by section 25 of the Counties act. It vested in the county board the authority to levy taxes for the purposes mentioned in the County Tuberculosis Sanitariums act, but the right to extend the taxes in excess of the maximum rate for general county purposes was not submitted to the voters in that election, either by the resolution of the county board, or the ballots used in the election. The voters simply voted upon the proposition to authorize the county board to levy a tuberculosis sanitarium tax at a rate of not to exceed one and one-half mills on each one

dollar of the assessed valuation of property in the county. The authority thus conferred was to levy the tax, but only as a part of the taxes levied for general county purposes, and within the maximum rate of twenty-five cents on each one hundred dollars assessed valuation.

This question has been before this court in several cases and it has been uniformly held that when a vote is taken under section 2 of the County Tuberculosis Sanitariums act the taxes authorized are taxes for county purposes and must be included in the twenty-five cent rate. (*People* v. *Wabash Railway Co.* 377 Ill. 68; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 id. 191.) We think these cases are conclusive. Mere authority to levy a special or additional tax does not authorize the county board to levy a tax above the limitation fixed by the statute. (*People* v. *Cairo and Thebes Railroad Co.* 319 Ill. 118.) The vote taken in accordance with section 2 of the County Tuberculosis Sanitariums act authorized the levy of a tax for the purposes mentioned in that act. The question, however, of extending the taxes authorized, in excess of the maximum twenty-five cent rate for general county purposes, was not submitted to the voters of Christian county and they did not authorize it. In this situation it was the duty of the county board to levy the taxes authorized, but such taxes, when levied, together with all other taxes for general county purposes, could only be extended within the maximum rate limited by section 25 of the Counties act.

Appellee, to meet and obviate this objection, relies upon a curative act passed on May 4, 1939. (Ill. Rev. Stat. 1941, chap. 34, par. 175j.) By this curative act it is expressly provided that where an election has been held, and a majority of the voters voting on the proposition have authorized an annual tax for establishing and maintaining a county tuberculosis sanitarium, not to exceed one and one-half mills on the dollar of assessed valuation, in excess of the statutory limit of twenty-five cents on each one hun-

dred dollars assessed valuation, for a specified year, or years, or term or period of years, such election and proceedings are declared legal and valid and are declared to be sufficient to authorize and empower the county board to levy a tax in addition to the maximum rate for general county purposes, not to exceed the rate specified in such proposition for the year or years, or period or term of years specified in such proposition, for the establishment and maintenance of a county tuberculosis sanitarium, in such county.

This curative act only purports to validate such levies where the voters have authorized an annual tax for establishing and maintaining a county tuberculosis sanitarium, not to exceed one and one-half mills on the dollar assessed valuation, in excess of the statutory limit of twenty-five cents.

Clearly this curative act does not even purport to cure the defects in the proceedings under consideration. Here the voters did not vote an annual tax in excess of the statutory limit of twenty-five cents, nor did they vote to levy the tax for a specific year, or years, or term or period of years. The proposition submitted to the voters in the election held was merely "For the levy of a tax for a county tuberculosis sanitarium." No rate was specified either in the resolution of the county board or upon the ballot. The voter was not advised by the language of the ballot as to what rate the tax would be extended. Under the authority granted, the county board had the right to extend the tax at any rate it determined, not in excess of one and one-half mills on each one dollar of the assessed valuation. Neither was the voter advised that the taxes authorized would be extended in excess of the statutory limit of twenty-five cents on each one hundred dollars assessed valuation. He was simply asked to vote upon, and did vote upon, the proposition to levy a tax for county tuberculosis sanitarium purposes at some rate within the maximum limit fixed by the statute, to be thereafter determined by the county board.

No rate was specified, no year or years, or term or period of years, during which the tax would be authorized, was mentioned. It nowhere appears that by a vote in favor of the proposition the voter intended to authorize the tax to be extended in excess of the statutory limit of twenty-five cents on each one hundred dollars assessed valuation.

While the ballot was in the form prescribed by section 2 of the County Tuberculosis Sanitariums act, it was wholly insufficient to bring the election within the provisions of the curative act. The curative act does not purport to cure defects in elections and thereby authorize the extension of taxes, in excess of the maximum statutory rate. In this case no rate at which the taxes shall be extended was specified, either in the resolution or the ballot, nor is any year, or term of years, specified therein. These three conditions were indispensable to bring this election within the curative act. In order to come within its provisions it was necessary that an annual tax had been authorized by the voters of the county, at a specific rate, to be extended in excess of the statutory limit of twenty-five cents for county purposes, and that the tax be authorized for a specified year, or years, or term or period of years. The curative act, in sub-paragraph a, expressly provides that where these conditions have all been met in any prior election, such election shall be "sufficient to authorize and empower the county board of any such county to levy a tax, in addition to the maximum rate, now or hereafter authorized to be levied and extended for general county purposes, not to exceed the rate specified in such proposition and for the year, or years, or period or term of years, specified in such proposition," etc. In our opinion the curative act has no application to the facts involved in this case for the reason that the election held did not comply with the requirements of the curative act nor come within its terms.

For the reason that no election was had in Christian county authorizing the extension of taxes in excess of the maximum rate of twenty-five cents on each one hundred

dollars assessed valuation, in the manner provided in section 27 of the Counties act, the taxes here involved were extended at an excessive rate. The county court erred in overruling appellant's objections.

The judgment of the county court of Christian county is reversed and the cause remanded to the court, with directions to sustain appellant's objections to county taxes extended against its property, for the year 1938, in excess of the rate of twenty-five cents on each one hundred dollars assessed valuation.

*Reversed and remanded, with directions.*