(No. 31934.

THE PEOPLE *ex rel.* James M. Walsh, County Collector, Appellant, *vs.* ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed May 24, 1951—Rehearing denied September 17, 1951.*

GEORGE P. COUTRAKON, State's Attorney, and THOMAS W. HOOPES, both of Springfield, for appellant.

GRAHAM & GRAHAM, of Springfield, (HERBERT J. DEANY, CHARLES A. HELSELL, ELMER NAFZIGER, and MILES GRAY, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This appeal again brings before this court the question of whether the tax authorized by sections 1 and 2 of the County Tuberculosis Sanitariums Act, (Ill. Rev. Stat. 1933, chap. 34, pars. 164 and 165,) for maintenance and for care of patients, may be extended in excess of the maximum rate fixed by section 25 of the Counties Act. (Ill. Rev. Stat. 1933, chap. 34, par. 25.) The 1946 tax of Sangamon County for tuberculosis sanitarium purposes was extended at a rate in excess of the statutory maximum then in effect. An objection by the Illinois Central Rail-

road to an allegedly excessive tax of $506.32, or the amount produced by the rate extended in excess of the statutory maximum, was sustained by the county court and a refund ordered. The county collector prosecutes this appeal.

On November 6, 1934, a majority of the voters of Sangamon County voted favorably for the levy of the annual tax provided for in section 2 of the County Tuberculosis Sanitariums Act. At the same election they also voted for the levy of the tax to be in excess of the statutory maximum for a period of ten years, as provided in section 27 of the Counties Act, (Ill. Rev. Stat. 1933, chap. 34, par. 27,) which is titled: "Raising tax in addition to statutory limit." In November, 1944, another election was held, again as provided in section 27, and the voters affirmed the extension of the sanitarium tax in excess of the statutory maximum for another ten-year period. In its objection appellee alleged that the latter election was void because of an improper ballot, leaving the sanitarium tax subject to the maximum rate fixed by the aforesaid section 25 of the Counties Act. Appellant confesses that the last election was void, but contends that the sanitarium tax has not been subject to the maximum rate limits of section 25 since the latter section was amended by the addition of an exception on July 1, 1923, and that the elections held by Sangamon County in 1934 and 1944, under the provisions of section 27, were mere surplusage.

More specifically appellant points out that section 1 of the County Tuberculosis Sanitariums Act provides that the tax authorized therein "shall be in addition to all other taxes," and that the exception added to the statutory maximum rate provision in 1923 (Laws of 1923, p. 299,) excepts from the maximum "taxes authorized as additional by a vote of the people of the county." He concludes that the sanitarium tax was thus perpetually excluded from the limitation of section 25. The appellee, on the other hand,

contends that the exception in section 25 covers only those additional taxes as voted by the people pursuant to the provisions of section 27.

This court has had occasion to pass on the questions now raised in numerous other decisions. In *People ex rel. Graff* v. *Wabash Railway Co.* 286 Ill. 15, and *People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191, which were decided before the 1923 amendment to section 25, we held that the tax provided by sections 1 and 2 of the County Tuberculosis Sanitariums Act, must be included in the statutory limit as being a tax for county purposes. In *People ex rel. Mooney* v. *Illinois Central Railroad Co.* 301 Ill. 288, also decided before the amendment, we held that the rate voted for sanitarium purposes could not exceed the statutory maximum contained in section 25, unless the county rate was increased by a vote of the people under the provisions of section 27 of the same chapter. More recent cases, arising after the addition of the exception to section 25, have presented the same issues that are raised by this appeal. While considering a similar objection in *People ex rel. Tolliver* v. *Wabash Railway Co.* 378 Ill. 121, we said of the County Tuberculosis Sanitariums Act: "The authority thus conferred was to levy the tax, but only as a part of the taxes levied for general county purposes, and within the maximum rate of twenty-five cents on each one hundred dollars assessed valuation. This question has been before this court in several cases and it has been uniformly held that when a vote is taken under section 2 of the County Tuberculosis Sanitariums Act the taxes authorized are taxes for county purposes and must be included in the twenty-five cent rate. [Citations.] We think these cases are conclusive. Mere authority to levy a special or additional tax does not authorize the county board to levy a tax above the limitation fixed by the statute." It was also pointed out in that case, and is equally applicable in the present case, that the

voters authorizing the extension of the annual tax provided by the County Tuberculosis Sanitariums Act, were not advised that the taxes authorized would be extended in excess of the maximum statutory limit, thus establishing further grounds why the sanitarium tax must be included within the maximum limit.

In *People ex rel. Goodman* v. *Wabash Railroad Co.* 395 Ill. 520, we succinctly stated: "There is no provision contained in the County Tuberculosis Sanitarium Act authorizing the county board to submit to the voters the proposition of levying taxes for county tuberculosis sanitarium purposes in addition to the maximum rate authorized for general county purposes. The authority to extend taxes in addition to the maximum statutory rate for general county purposes is provided for in section 27 of the Counties Act. (Ill. Rev. Stat. 1945, chap. 34, par. 27.) There is no reference to this section in the County Tuberculosis Sanitariums Act and that act is not exempted from the provisions of this section. [Citation.] The only way in which a county may be authorized to exceed the general statutory limit for county purposes in levying taxes is by following the requirements in said section 27."

Counsel for appellant argue that the cases decided since the 1923 amendment to section 25, merely assume that the tuberculosis tax is subject to section 27, and decide nothing as to the effect of the exception created by the amendment to section 25. No reference need have been made to the exception in those cases nor its effect discussed, for in them, as in the present case, the necessary effect of the arguments advanced was that the County Tuberculosis Sanitariums Act by its own terms, authorizes the extension of taxes in excess of the statutory maximum. Those cases specifically determine that the County Tuberculosis Sanitariums Act gives no power to vote an increase in the maximum county rate, and it cannot be conceived, as appellant suggests, that an exception to the maximum limita-

tion fixed by section 25 of the Counties Act could add any new power to the authority contained in the County Tuberculosis Sanitariums Act. The cases cited are decisive of the issues raised.

The judgment of the county court of Sangamon County sustaining the objection to the illegal portion of the tax is therefore affirmed.

*Judgment affirmed.*