(No. 34257.—

THE PEOPLE *ex rel.* Edwin O. Nordstrom, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

TRIMBLE and TRIMBLE, of Princeton, and NELSON TROTTMAN and VERNON BALMES, both of Chicago, for appellant.

CALHOUN W. J. PHELPS, State's Attorney, of Princeton, for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

Defendant, Chicago and North Western Railway Company, appeals from the judgment of the county court of Bureau County overruling its objections to the application of the county collector for judgment and order of sale against lots and lands upon which taxes were delinquent for the year 1954. The case has been certified to this court upon an agreed statement of facts that the county collector has made a *prima facie* case; that the taxes in question were duly paid under protest; and that the statements in the objections as to assessed valuation of properties, the respective amounts of taxes levied, the tax rates extended, and the amount of taxes produced thereby are correct.

The county board made a levy of $51,500 for the tuberculosis sanitarium fund for the year 1954. To obtain this sum, the county clerk extended a rate of .032 per cent which, as applied to objector's property, produced a tax of $637.44. The statutory tax rate limit for general corporate purposes in the county for the year 1954 was .067 per cent, and the county clerk extended that rate for general corporate purposes, and in addition thereto the rate of .032 per cent for the tuberculosis sanitarium fund. Defendant contends that the entire levy for the tuberculosis fund is illegal because it is in excess of the maximum rate for general county purposes as fixed by section 25.05 of the Counties Act, (Ill. Rev. Stat. 1951, chap. 34, par. 25.05,) no election having been held pursuant to the provisions of section 27 thereof (Ill. Rev. Stat. 1951, chap. 34, par. 27,) authorizing the levy of any tax in excess of the maximum limit for general corporate purposes.

On September 9, 1952, the board of supervisors of Bureau County adopted a resolution directing the county clerk to submit the question of levying a tax to provide for the care and treatment of persons afflicted with tuberculosis to a vote of the people of the county. The resolution recited the presentment of a proper petition requesting

that an annual tax be levied, commencing in the year 1954, for the care and treatment of such persons; that section 22 of the County Tuberculosis Sanitariums Act, (Ill. Rev. Stat. 1951, chap. 34, par. 175i1,) gave the board of supervisors the power to provide such care and treatment and to levy a tax not to exceed .075 per cent of the value of taxable property in the county, such tax to form a fund to be known as the "Tuberculosis Care and Treatment Fund," which tax should be in addition to and in excess of and excluded from all other taxes which the county might be authorized to levy; that the county had been levying a tax in accordance with section 27 of the Counties Act for ten consecutive years beginning with the year 1944 and ending with the year 1953; that the next regular general election following the year 1952 would be in the year 1954 after the expiration of the tax presently authorized; and that the board deemed it necessary for the purpose of providing treatment and care of persons afflicted with tuberculosis to levy a tax therefor, not to exceed .075 per cent, commencing with the tax to be levied in 1954 and including the tax to be levied for the year 1963. In directing the clerk to submit the question to a vote of the people, the resolution set forth the form of the ballot which called for a "yes" or "no" vote on the following proposition: "Shall an annual tax of not to exceed .075 per cent of full, fair cash value as equalized or assessed by the Department of Revenue for the care and treatment of persons afflicted with tuberculosis be levied, for ten successive years, commencing with the tax to be levied for the year 1954, and inclusive of the tax to be leved for the year 1963?" The proposition was submitted to and approved by the voters at the general election held on November 4, 1952. The levy by the board for the tuberculosis sanitarium fund for the year 1954 was based upon this resolution and election.

The question presented is whether a county, by virtue

of a referendum held in accordance with the provisions of section 22 of the County Tuberculosis Sanitariums Act, may levy a tax for the purposes defined in such statute, when that tax, combined with other taxes levied for county purposes, exceeds the maximum tax rate authorized for general county purposes. The act in question is entitled "An Act relating to the care and treatment by counties of persons afflicted with tuberculosis and providing the means therefor." (Ill. Rev. Stat. 1951, chap. 34, par. 164 to 175i9 incl.) The act was originally approved on June 28, 1915, (Laws of 1915, p. 346,) but section 22 and other subsequent sections were added by the General Assembly in 1949. (Laws of 1949, p. 649.) Section 22 provides: "The County Board of each County in this State shall have the power to provide for the care and treatment of the inhabitants thereof who may be afflicted with tuberculosis and to levy a tax not to exceed .075 per cent of the full and fair cash value as equalized or assessed by the Department of Revenue annually on all taxable property of such county, such tax to be levied and collected in like manner with general taxes of such county and to form, when collected, a fund to be known as the 'Tuberculosis Care and Treatment Fund,' which tax shall be in addition to, in excess of and excluded from all other taxes which such county is now or hereafter may be, authorized to levy, on the aggregate valuation of all property within such county, and the county clerk in reducing tax levies under the provisions of Section 162 of 'An Act to revise the law in relation to the assessment of property and the levy and collection of taxes, and to repeal certain Acts herein named,' filed May 17, 1939, as amended, shall not consider the tax for said tuberculosis care and treatment fund, authorized by this Act, as part of the general tax levy for county purposes, and shall not include the same in the limitation of one (1) per cent of the assessed valuation upon which taxes are required to be extended." (Ill. Rev. Stat. 1951,

chap. 34, par. 175i1.) Section 23 of the act provides for the submission of the proposition for levying the tax to the voters whenever one hundred legal voters shall present a petition to the board asking that the tax be levied, and prescribes the form of the ballot. (Ill. Rev. Stat. 1951, chap. 34, par. 175i2.) The following sections provide for the appointment of a board of directors, their tenure of office, method of filling vacancies, board organization, rules and regulations, treatment of patients in private or public sanitariums and discontinuance of the tax and treatment. (Ill. Rev. Stat. 1951, chap. 34, pars. 173i3 through 175i9.) Section 1 of the County Tuberculosis Sanitariums Act empowers counties to establish and maintain tuberculosis sanitariums and to levy a tax therefor to form, when collected, a fund to be known as the "Tuberculosis Sanitarium Fund." (Ill. Rev. Stat. 1951, chap. 34, par. 164.) The language of section 1, pertinent here, has remained virtually unchanged since it was originally adopted in 1915. It provides that the tax therein authorized shall be in addition to all other taxes which such county is now, or hereafter may be, authorized to levy and that the county clerk, in reducing tax levies under the provisions of section 162 of the Revenue Act of 1939, (Ill. Rev. Stat. 1951, chap. 120, par. 643,) shall not consider the tax for the tuberculosis sanitarium fund therein authorized as part of the general levy for county purposes, and shall not include the same in the limitation of one per cent of the assessed valuation upon which taxes are required to be extended. A comparison of section 1 with section 22 reveals that their provisions are almost identical except that the former contemplates the establishment of a sanitarium and provides for the establishment of a "Tuberculosis Sanitarium Fund," whereas the latter contemplates only the care and treatment of tubercular patients and provides for the establishment of a "Tuberculosis Care and Treatment Fund;" and the former provides that the tax therein authorized shall be

"in addition to" all other taxes which the county is authorized to levy, whereas the latter uses the language "in addition to, in excess of and excluded from."

In construing the provisions of section 1 of the act together with the provisions of section 2 which authorize a referendum on the question of levying an annual tax of not to exceed .075 per cent for the establishment and maintenance of a county tuberculosis sanitarium, this court has repeatedly held that a favorable vote authorizing the levy of such tax does not empower the county to levy such a tax in addition to the maximum county rate for general corporate purposes. (*People ex rel. Goodman* v. *Wabash Railroad Co.* 395 Ill. 520; *People ex rel. Tolliver* v. *Wabash Railway Co.* 378 Ill. 121; *People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191.) A county tax for a tuberculosis sanitarium is for a general corporate purpose and must be included in the corporate purpose rate set forth in section 25.05 of the Counties Act. (*People ex rel. Smith* v. *Wabash Railway Co.* 377 Ill. 68.) The provision that the tax shall be in addition to other taxes which the county is authorized to levy means only that it shall be in addition to other taxes authorized by the General Assembly, and not subject to reduction with other taxes under section 162 of the Revenue Act. (*People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; *People ex rel. Graff* v. *Wabash Railway Co.* 286 Ill. 15.) A county tuberculosis sanitarium tax cannot be levied in excess of the county rate limit provided in section 25.05 unless an increase in the county rate has been authorized by an election held under section 27 of the Counties Act. (*People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; *People ex rel. Graff* v. *Wabash Railway Co.* 286 Ill. 15.) The sole authority and jurisdiction of a county to levy a tax in excess of the rate for general corporate purposes emanates from a valid election held under the provisions of section 27.

*People ex rel. Moomey* v. *Illinois Central Railroad Co.* 301 Ill. 288.

The county collector contends that there is a substantial difference between sections 1 and 22 of the County Tuberculosis Sanitariums Act and that while the foregoing authorities have determined the law relating to section 1, they have no application to section 22. Reliance is placed upon the difference in language heretofore noted. In construing section 1, this court pointed out that the words "in addition to" relate to the following provision, in the same section and sentence, that the county clerk in reducing tax levies shall not consider the tax as part of the general levy for county purposes, and shall not include the same in the percentage limitation of the assessed valuation upon which taxes are required to be extended. (*People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; *People ex rel. Graff* v. *Wabash Railway Co.* 286 Ill. 15.) Section 22 contains the identical language found in section 1 except that the words "in excess of and excluded from" have been added following the words "in addition to." Both sections, in identical language, then provide that the county clerk shall not consider the tax as part of the general corporate tax in reducing levies or include the same in the tax limitation rate upon which taxes are required to be extended. We believe that the language in question, as in section 1, relates to the provision that the tax authorized shall be in addition to, in excess of and excluded from other taxes, only so far as the provisions for reducing levies under the Butler laws are concerned. (Ill. Rev. Stat. 1951, chap. 120, par. 643 *et seq.*) The language used in section 22, like that in section 1, manifests no intention on the part of the legislature that the authorized tax may be levied in addition to the overall rate limitation of section 25.05 of the Counties Act. Language similar to that contained in section 22 appears in the act authorizing counties to levy a tax for

the purpose of maintaining public nonsectarian hospitals. That act provides: "Such tax shall be in addition to all other taxes which the county is now, or hereafter may be, authorized to levy on the aggregate valuation of the property within the county and shall not be included in any tax limitation of rate upon which taxes are required to be extended but shall be excluded therefrom and in addition thereto." (Ill. Rev. Stat. 1951, chap. 34, par. 175.31.) In construing this statute this court held that the act did not authorize a tax in excess of the maximum county rate, and held "There is no provision in the Nonsectarian Hospital Act authorizing the county board to submit to the voters the proposition of levying taxes for such hospital purposes in addition to the maximum rate authorized for county purposes, nor is there any language which exempts the act from the provisions of section 27. Where this is true, we have repeatedly held, in construing similar statutes, that the only way the county board may be authorized to exceed the general statutory limit for county purposes in levying taxes is by following the requirements of section 27, and that a referendum submitted under the provisions of the statute authorizing the tax alone does not accomplish the purpose. * * * All of the sections of the Counties Act here involved are related to the subject matter of taxation and are *in pari materia* with each other. Statutes which relate to the same thing or to the same subject or object are *in pari materia* although they were enacted at different times. It is a primary rule of statutory construction that not only should the intention of the legislature be deduced from a view of the whole statute and from its every material part, but statutes *in pari materia* should be construed together." *People ex rel. Harrell* v. *Baltimore and Ohio Railroad Co.* 411 Ill. 55, 58 and 59. Also see *People ex rel. Walsh* v. *Illinois Central Railroad Co.* 409 Ill. 522; *People ex rel. Goodman* v. *Wabash Railroad Co.* 395 Ill. 520; *People ex rel. Tol-*

*liver* v. *Wabash Railway Co.* 378 Ill. 121; *People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; and *People ex rel. Graff* v. *Wabash Railway Co.* 286 Ill. 15.

The sections under consideration, section 22 of the County Tuberculosis Sanitariums Act, and sections 25.05 and 27 of the Counties Act all relate to the subject matter of taxation, are *in pari materia,* and should be construed together in ascertaining the legislative intent. (*People ex rel. Tilley* v. *New York, Chicago and St. Louis Railroad Co.* 364 Ill. 456.) In section 25.05 of the Counties Act the legislature has clearly specified the maximum rate for general county purposes. (Ill. Rev. Stat. 1951, chap. 34, par. 25.05.) Section 27 just as clearly provides for the procedure to be taken in the event it becomes necessary to levy taxes in excess of the rate specified in section 25.05. (Ill. Rev. Stat. 1951, chap. 34, par. 27.) There is nothing in the statute in question which indicates an intention on the part of the legislature to exempt the authorized tax for the tuberculosis sanitarium fund from the requirements of sections 25.05 and 27. The referendum held on November 4, 1952, authorized the levy of a tax for the care and treatment of tubercular persons, but it did not authorize that such tax be levied in excess of the maximum county rate. There was nothing in the proposition submitted which informed the voters that the tax proposed to be levied was in excess of the statutory maximum for all corporate purposes. The entire levy for the tuberculosis sanitarium fund for the year 1954 was therefore illegal.

The county collector has suggested that the levy of the tax may be sustained on the ground that the county board of Bureau County, on November 20, 1951, adopted a resolution pursuant to the authority of section 162b of the Revenue Act, (Ill. Rev. Stat. 1951, chap. 120, par. 643b,) establishing a rate limit of .075 per cent for the Tuberculosis Sanitarium Fund. Section 162b empowers

local authorities, subject to the limitations therein provided, to establish the maximum tax rates for various funds in lieu of those theretofore provided by the General Assembly. The provisions of this statute neither warrant the conclusion that a county, having established maximum rates for various funds as therein provided, is exempted from complying with the provisions of section 27 of the Counties Act, nor do they authorize the levy and collection of taxes in excess of the limitations imposed by section 25.05. The limit for each fund may be established but the total tax levied for county purposes may not exceed the maximum statutory limit, unless authorized by referendum under section 27.

The remaining objections relate to township road and bridge levies for two of the townships in Bureau County for the year 1954. The record shows that the highway commissioner of Concord Township certified a total levy for road and bridge purposes of $20,000, which included an item as follows: "Maintenance of roads (including shares of Villages of Buda and Sheffield) $19,000." The total rate extended by the county clerk to produce the sum levied was .20 per cent. Objection was made to the entire item of $19,000, which was 95 per cent of the rate extended and which produced a tax of $455.54 as applied to objector's property. Objector contends that the entire levy of $19,000 is illegal because there is no provision in the statute for such levy. The highway commissioner of Hall Township certified a total levy for road and bridge purposes of $14,000, which included the following item: "Maintenance of roads (including shares of Spring Valley, Dalzell, Ladd and Seatonville) $11,150." Objection was made to this entire item, which was 79.64 per cent of total levy and produced a tax of $446.22 as applied to objector's property.

The defendant relies on *People ex rel. Hempen v. Baltimore and Ohio Railroad Co.* 379 Ill. 543, and *People ex rel.*

*Thompson* v. *Chicago and North Western Railway Co.* 397 Ill. 266, to sustain its contention. Neither of these decisions is determinative of the question. The former involved an item in a township road and bridge levy designated as a "deduction" for cities within the township. We held that the effect of the levy was to create a separate item for road and bridge purposes not included in the statute authorizing the levy. The latter case involved a township levy for "home relief (including veterans)." In that case we pointed out that the duty to levy a tax for relief of veterans devolved upon the counties under the pertinent statute, and that a township had no authority whatever to levy such tax. We held that the township levy for both paupers and veterans was unauthorized, and since the amount was not separated to show what portion was for poor relief, an authorized township purpose, the entire levy was void.

Section 56 of the Roads and Bridges Act empowers township highway commissioners to determine and certify to the county board annually the amount necessary to be raised for the proper construction, maintenance and repair of roads and bridges within the township and that the amount so certified, if approved by the board, shall be extended by the clerk as taxes, subject however, to statutory limitations. (Ill. Rev. Stat. 1953, chap. 121, par. 62.) Section 59 of the act provides that one half of the tax required to be levied in section 56 on the property lying within a city, village or incorporated town in which the streets and alleys are under the care of the corporation shall be paid over to the treasurer of the city, village or town, to be appropriated to the improvement of roads, streets and bridges either within or without the city, village or incorporated town and within the township and under the direction of the corporate authorities of the city, village or incorporated town. (Ill. Rev. Stat. 1953, chap. 121, par. 65.) Under the provisions of section 56, the

highway commissioners of Hall and Concord townships had authority to levy for the maintenance of roads within the township. The levies in question are for that purpose notwithstanding the fact that it is parenthetically indicated that some of the monies realized from the levy will have to be turned over to the cities and villages within the respective townships. Neither of the levies in question includes as a separate item an amount for any of the cities or villages within the township, nor do the levies here set forth separate items by way of deduction. This case is therefore clearly distinguishable from *People ex rel. Hempen v. Baltimore and Ohio Railroad Co.* 379 Ill. 543, relied upon by defendant. While the words in parenthesis were not necessary to the validity of either of the levies in question, they do not invalidate them. The levies in question clearly advise the taxpayer of the purpose for which the levy is made, and do not violate the spirit or substance of the statute under which they were authorized. They were valid and the county court properly overruled the objections thereto.

The judgment of the county court overruling the objections to the levy by the county for the tuberculosis sanitarium fund in excess of the limit imposed by section 25.05 of the Counties Act is reversed and the cause is remanded with directions to enter an order sustaining the objection thereto; the judgment overruling the objection to the township road and bridge levies of Concord and Hall Townships is affirmed.

*Affirmed in part and reversed in part*
*and remanded, with directions.*