(No. 35035.—

THE PEOPLE *ex rel.* Edwin O. Nordstrom, County Collector, Appellee, *vs.* CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed January 23, 1959.*

TRIMBLE AND TRIMBLE, of Princeton, C. W. KROHL, and J. I. SHIELDS, both of Chicago, (ELDON MARTIN, of counsel,) for appellant.

DONALD CHASE MARTIN, State's Attorney, of Princeton, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The question in this case is the validity of Bureau County's 1955 tax levy for its Federal aid matching tax fund. The objector paid the tax under protest and its objection to the county collector's application for judgment of sale was overruled. It appeals directly to this court because the revenue is involved.

Section 11b was added to the act in relation to State highways in 1955 to authorize counties having a population

of less than 500,000 to levy a tax, at a rate not exceeding .05 per cent of the assessed value, to meet their proportionate share of constructing or reconstructing highways in the Federal aid secondary system. The section provides that "Said tax shall be in addition to the maximum of all other county taxes which the county is now or may hereafter be authorized by statute to levy upon the aggregate valuation of all taxable property within the county." Ill. Rev. Stat. 1957, chap. 121, par. 301b.

It is stipulated that the county board, relying upon section 11b, adopted a resolution levying $86,063.24 for construction and reconstruction of roads in the Federal aid secondary system, and that a tax for that purpose was levied and extended at the rate of .05 per cent. It is also stipulated that the statutory tax rate limit for Bureau County for "general corporate purposes" for 1955 was .067 per cent; that the entire .05 per cent levied for Federal aid matching purposes was in excess of that limit and that no referendum was held to authorize a rate in excess of that statutory limit.

Section 25.05 of the Counties Act fixes the maximum rate of taxation for counties having less than 500,000 inhabitants. It provides also that the maximum rate so fixed is subject to the provisions of the Revenue Act. (Ill. Rev. Stat. 1957, chap. 34, par. 25.05.) Sections 162 and 162a, 162b and 162c of the Revenue Act impose additional limitations upon the rates at which taxes may be levied. (Ill. Rev. Stat. 1957, chap. 120, pars. 643, 643a, 643b and 643c.) Section 27 of the Counties Act provides that the statutory maximum fixed by section 25.05 may be exceeded when authorized by referendum. Ill. Rev. Stat. 1957, chap. 34, par. 27.

The problem presented by this case has been before this court many, many times. It has repeatedly been held that a statutory authorization like the present one,—to levy a tax for a county purpose that is to be "in addition to the

604

maximum of all other county taxes," does not sanction a rate in excess of the limit fixed by section 25.05 of the Counties Act, and that the maximum rate fixed by that section can be exceeded only after a favorable vote at a referendum that clearly expresses the intention of the voters to authorize a rate in excess of that maximum. See, *e.g., People ex rel. Ramey* v. *Gulf, Mobile and Ohio Railway Co.* 15 Ill.2d 126; *People ex rel. Nordstrom* v. *Chicago and North Western Railway Co.* 11 Ill.2d 99; *People ex rel. Walsh* v. *Illinois Central Railroad Co.* 409 Ill. 522; *People ex rel. Tolliver* v. *Wabash Railway Co.* 378 Ill. 121.

To sustain the tax the collector relies upon *Central Illinois Public Service Co.* v. *Thompson,* 1 Ill.2d 468. But the situation there was substantially different from that now before us. At the referendum election involved in that case the voters were clearly informed that the proposed tax was both "an additional tax" and a tax in excess of the statutory limit. 1 Ill.2d at 480.

The judgment of the county court of Bureau County is reversed and the cause is remanded with directions to enter an order sustaining the objection.

*Reversed and remanded, with directions.*