(No. 32119.—

THE PEOPLE *ex rel.* C. M. Harrell, County Collector, Appellee, *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Appellant.

*Opinion filed November 27, 1951—Rehearing denied Jan. 21, 1952.*

McCollum & McCollum, of Louisville, and Kramer, Campbell, Costello & Weichert, of East St. Louis, (Frank H. Cole, Jr., of Cincinnati, Ohio, of counsel,) for appellant.

H. Carroll Bayler, State's Attorney, of Louisville, for appellee.

´ Mr. Chief Justice Daily delivered the opinion of the court:

Appellant, the Baltimore and Ohio Railroad Company, having previously paid its taxes in full, under protest, filed objections to an application of the collector of Clay County for a judgment against, and order for the sale of, lands returned delinquent for the nonpayment of taxes for the year 1949. Appellant now prosecutes this appeal from the judgment of the county court which overruled its objections.

The first objection charges that the item in the county special highway tax levy, providing the lump sum of $15,000 "for the purpose of acquiring and maintaining machinery and equipment used for the improvement, repair and maintenance of highways designated as State Aid Roads," violates section 156 of the Revenue Act requiring the amount levied for each purpose to be separately stated. (Ill. Rev. Stat. 1949, chap. 120, par. 637.) More specifically, it is appellant's contention that "acquiring machinery" and "maintaining machinery" are separate purposes and should have been so itemized in the levy. It is well established that the right of a taxpayer to have stated separately the purposes for which public money is appropriated, or a tax levied, is a substantial right of which he may not be deprived. (*People ex rel. McWard* v. *Wabash Railroad Co.* 395 Ill. 243; *People ex rel. Schlaeger* v. *Reilly Tar & Chemical Corp.* 389 Ill. 434.) Likewise, it has been consistently held that the itemization rule should receive a common-sense interpretation, (*People ex rel. Oller* v. *New York Central Railroad Co.* 388 Ill. 382; *People ex rel. Toman* v. *Estate of Otis,* 376 Ill. 112;) that the purpose of requiring itemization is to afford taxpayers information with respect to a particular appropriation and the levy of the tax, (*People ex rel. Thompson* v. *Chicago and North Western Railway Co.* 397 Ill. 266; *People ex rel. Nash* v. *Chicago and Northwestern Railway Co.* 359 Ill. 435,) and that there can be no valid objection to levying a single sum for several purposes which are embraced within some general designation giving the necessary information to the taxpayer. *People ex rel. Lindheimer* v. *Hamilton,* 373 Ill. 124; *People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 529.

The frequency with which objections to the itemization of tax levies arise is indicative of the fact that no fixed rule can be laid down as to how many subdivisions a given tax levy should be divided into, and that each case must,

to a large extent, be decided in accordance with its separate facts. We think that the item in this case was sufficiently itemized and specific to comply with the statute, that it included only one purpose, namely that of defraying the expense of the improvement, repair and maintenance of highways designated as State Aid Roads, and that the expense of acquiring and maintaining equipment to accomplish the improvements and repair are embraced in the one general purpose. The situation here is analogous to that in *People ex rel. Bothfuhr* v. *New York Central Railroad Co.* 305 Ill. 434, where it was held that the "levy for improvement and maintenance of a highway without material for that purpose would not be complete or effective, and procuring material was included in the single purpose for which the highway tax was levied." The county court properly overruled appellant's first objection.

The second and final objection raises the question of whether the tax provided for by sections 1 and 2 of the act authorizing a county to levy a tax for the purpose of maintaining public nonsectarian hospitals, (Ill. Rev. Stat. 1949, chap. 34, pars. 175.31 and 175.32,) may be extended in excess of the maximum rate fixed by section 25.05 of the Counties Act, (Ill. Rev. Stat. 1949, chap. 34, par. 25.05,) without compliance with section 27 of the Counties Act, (Ill. Rev. Stat. 1949, chap. 34, par. 27,) which prescribes the method of raising taxes in addition to the statutory limit. There is no provision in the Nonsectarian Hospital Act authorizing the county board to submit to the voters the proposition of levying taxes for such hospital purposes in addition to the maximum rate authorized for county purposes, nor is there any language which exempts the act from the provisions of section 27. Where this is true, we have repeatedly held, in construing similar statutes, that the only way the county board may be authorized to exceed the general statutory limit for county purposes in levying taxes is by following the requirements of section 27,

and that a referendum submitted under the provisions of the statute authorizing the tax alone does not accomplish the purpose. (*People ex rel. Walsh* v. *Illinois Central Railroad Co.* 409 Ill. 522; *People ex rel. Tolliver* v. *Wabash Railway Co.* 378 Ill. 121; *People ex rel. Goodman* v. *Wabash Railroad Co.* 395 Ill. 520; *People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; *People ex rel. Graff* v. *Wabash Railway Co.* 286 Ill. 15.) Just as in many of the cases cited, the voters of Clay County in the instant case were not, in the referendum held under the Nonsectarian Hospital Act, informed that the tax authorized would be extended in excess of the maximum statutory limit, nor did the proceedings of the county board calling the election give information that the tax would be an additional tax in excess of the limit for general county purposes.

All of the sections of the Counties Act here involved are related as to the subject matter of taxation and are *in pari materia* with each other. Statutes which relate to the same thing or to the same subject or object are *in pari materia* although they were enacted at different times. It is a primary rule of statutory construction that not only should the intention of the legislature be deduced from a view of the whole statute and from its every material part, but statutes *in pari materia* should be construed together. (*People ex rel. Tilley* v. *New York, Chicago and St. Louis Railroad Co.* 364 Ill. 456; *People* v. *Wallace,* 291 Ill. 465.) The application of this rule to the pertinent sections of the Counties Act abrogates the collector's contention that the taxing provisions of the Nonsectarian Hospital Act are operative as against what he terms to be the general provisions on the subject contained in sections 25 and 27.

The only other point raised by the collector with regard to this objection is that it would be impossible to comply with the mandate of the hospital statute with reference to the form of ballot to be used in a referendum thereunder,

and at the same time comply with the provisions as to form of ballot contained in section 27. Such an argument overlooks that, as a practical matter, separate and related propositions may be submitted to the voters on the same ballot, so long as they are not coupled together in such a manner as to deprive a voter of the opportunity to vote separately and independently on each proposition. (*People ex rel. Wangelin* v. *Baltimore and Ohio Southwestern Railroad Co.* 372 Ill. 38.) We conclude that the court was in error in overruling the second objection made by appellant.

For the reasons indicated, the judgment of the county court of Clay County is affirmed in part and reversed in part, and the cause is remanded to that court with directions to enter judgment in accordance with the views herein expressed.

*Affirmed in part and reversed in part*
*and remanded, with directions.*