NOTICE
Decision filed 02/20/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230961-U

NO. 5-23-0961

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 21-CF-1017 |
| | ) | |
| ALEXIS TURNER, | ) | Honorable |
| | ) | Jeffrey K. Watson, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justice McHaney concurred in the judgment.
Presiding Justice Vaughan specially concurred.

**ORDER**

¶ 1     *Held*: We affirm the circuit court's order of detention where the defendant filed a motion to reconsider the conditions of her pretrial release, the State was permitted to file a responsive petition to deny pretrial release, and counsel did not provide ineffective assistance of counsel for failing to move to strike the State's petition.

¶ 2     The defendant, Alexis Turner, appeals the October 11, 2023, order of the circuit court of St. Clair County granting the State's petition to deny pretrial release and ordering her detained. The defendant was arrested and detained prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act),[1] as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

5/art. 110 (West 2022)). Because the defendant was arrested and detained prior to the date the Act went into effect, that portion of our decision regarding the timeliness of the State's petition to detain is relevant to only those defendants who were arrested and detained prior to the effective date of the Act.[2] For the following reasons, we affirm the circuit court's detention order of October 11, 2023.

¶ 3                                      I. BACKGROUND

¶ 4     On June 28, 2021, the defendant was charged by information with committing the offense of aggravated battery by discharging a firearm (720 ILCS 5/12-3.05(e)(1) (West 2020)) and one count of the offense of aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (a)(3)(C)). On the same date, the circuit court issued an arrest warrant setting the defendant's bond at $100,000, requiring the deposit of 10%, with the additional condition of no contact with the victim. It appears from the record that the defendant was incarcerated in California and was extradited to Illinois in August 2023, after completing her sentence in California.

¶ 5     On August 30, 2023, the circuit court conducted a first appearance and arraignment with the defendant being present. The public defender was appointed to represent the defendant and the circuit court's order stated that the defendant's bond remained at $100,000, with 10% deposit required. On the same date, a pretrial investigation report was completed for the circuit court's consideration. On September 7, 2023, the defendant filed a motion to reduce bond and a motion for pretrial release pursuant to section 110-7.5 of the Code, seeking a hearing and asking the circuit court to order her release without the condition of depositing security. 725 ILCS 5/110-7.5 (West

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before December 26, 2023, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

2022). Alternatively, the defendant asked the court to set the matter for a hearing pursuant to section 110-5 (*id.* § 110-5), or section 110-6.1 (*id.* § 110-6.1), of the Code.

¶ 6    In response, on September 12, 2023, the State filed a verified petition for pretrial detention pursuant to section 110-6.1 of the Code. *Id.* § 110-6.1. The State alleged that the defendant was charged with a forcible felony as defined in section 110-6.1(a)(1.5) (*id.* § 110-6.1(a)(1.5)), and the defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community. Accordingly, the State requested that the circuit court deny the defendant's pretrial release. On September 20, 2023, the circuit court set the matter for a detention hearing on October 11, 2023.

¶ 7    The circuit court conducted a pretrial release hearing on October 11, 2023, and issued a written order of detention the same day. The circuit court's detention order stated that the circuit court had found that the defendant was charged with a detainable offense, being a nonprobationable forcible felony. The circuit court then found, by clear and convincing evidence, that the defendant posed a real and present danger or threat to the safety of any person or persons or the community and that there were no conditions or combination of conditions that could mitigate the real and present danger or threat the defendant posed on any person or persons or the community, and that less restrictive conditions would not ensure the safety of the community or ensure the defendant's appearance in court. The circuit court's order found that the defendant's detention was necessary to avoid the real and present threat or danger to any person or persons or the community and/or willful flight from prosecution. The circuit court ordered the defendant remanded to the custody of the St. Clair County Sheriff for confinement in the county jail until further order of court.

¶ 8    On October 17, 2023, the defendant filed a timely notice of appeal. Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). The defendant utilized the Notice of Pretrial Fairness Act Appeal 604(h)

(Defendant as Appellant) standardized form provided by the Illinois Supreme Court. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). The defendant checked a box indicating that the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident or the presumption great that the defendant committed the offense(s) charged. As support for the argument, the defendant stated in the lines provided by the form: "Please refer to the arguments at the hearing." The defendant also checked the box on the form indicating that the State failed to meet its burden of proving by clear and convincing evidence that the defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. As support for the argument, the defendant stated in the lines provided by the form: "The judge made no written findings based on the specific facts of this case." The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant in this appeal. On November 30, 2023, OSAD filed a motion to file memorandum in support of Rule 604(h) appeal, *instanter*, which was granted by this court on December 11, 2023. Accordingly, OSAD's memorandum was filed, and the State filed a memorandum in response to OSAD's memorandum. OSAD's memorandum did not present any argument as to the issues raised in the defendant's notice of appeal. Instead, OSAD raised a new issue in the memorandum that the State's petition to deny pretrial release was untimely.

¶ 9                                    II. ANALYSIS

¶ 10    With regard to the issue raised in OSAD's memorandum, the defendant argues that the circuit court erred in granting the State's petition to deny pretrial release due to the timing requirements of section 110-6.1(c). 725 ILCS 5/110-6.1(c)(1) (West 2022). The defendant argues that pursuant to section 110-6.1(c), a petition to detain must be filed at the first appearance or within 21 days of the defendant's release. *Id.* The defendant further argues that when no timely petition has been filed and a defendant has been held on an unpaid bond, the State lacks the

4

authority to file a petition to detain, citing section 110-7.5(b), *People v. Vingara*, 2023 IL App (5th) 230698, and *People v. Rios*, 2023 IL App (5th) 230724. Accordingly, the defendant argues that this matter should be remanded to allow the defendant an opportunity to choose between requesting a hearing on her conditions of release or remaining on her previous conditions of release, including the condition of monetary bond.

¶ 11    The defendant also argues that she received ineffective assistance of counsel for counsel's failure to move to strike the State's verified petition. Alternatively, the defendant argued in her notice of appeal that the circuit court erred in finding that the State proved, by clear and convincing evidence, that the defendant was a threat to the safety of the community. In response, the State argues that the defendant's argument that the State failed to prove that she was a danger to any person or the community by clear and convincing evidence should be stricken for failure to comply with Rule 604(h)(2). The State further argues that the circuit court's oral ruling was sufficient despite the written ruling not complying with section 110-6.1 (725 ILCS 5/110-6.1 (West 2022)), which requires the circuit court's findings to be written. Finally, the State argues that the evidence presented at the hearing was sufficient to support the circuit court's determination to deny pretrial release.

¶ 12    We first note that both parties acknowledge that the defendant did not object or move to strike the State's petition. As such, the State argues that the defendant has forfeited the timeliness issue. Courts have generally held that the failure to object to an alleged error at the lower court level also forfeits the right to present that issue or claim of error on appeal. *People v. Carlson*, 79 Ill. 2d 564, 576 (1980). "This forfeiture rule also prevents criminal defendants from sitting idly by and knowingly allowing an irregular proceeding to go forward only to seek reversal due to the error when the outcome of the proceeding is not favorable." *People v. Jackson*, 2022 IL 127256, ¶ 15. As such, any issue or claim of error not properly objected to in the lower court and raised

5

within the notice of appeal, taken in conjunction with any memorandum, remains subject to forfeiture.

¶ 13     In this matter, the defendant failed to object to the State's petition to detain and failed to raise the issue of timeliness of the State's petition in the circuit court. Thus, the defendant has forfeited this issue on appeal. Forfeiture, however, " 'is a limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent.' " *People v. Gray*, 2023 IL App (3d) 230435, ¶ 9 (quoting *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65). In *Gray*, the Third District held that where the proceedings occurred within the days of implementation of the Act, it would be inequitable to find that the defendant forfeited this issue when case law and arguments on the change in the law had still not been formed. *Id.* Given the recent enactment of the Act and the developing case law, we elect to overlook the defendant's forfeiture of this issue but take no position on forfeiture in future cases.

¶ 14     We will now address the defendant's argument that the circuit court erred when it granted the State's petition to detain because the State did not have the authority to file a petition to deny pretrial release due to the timing requirements of section 110-6.1(c)(1). 725 ILCS 5/110-6.1(c)(1) (West 2022). Section 110-6.1(c) of the Code addresses the timing of the State's petition. *Id.* § 110-6.1(c) (West 2022). Section 110-6.1(c)(1) provides that the State may file a petition at the first appearance before a judge, or within 21 calendar days after arrest and release with reasonable notice to the defendant. *Id.* § 110-6.1(c)(1). The defendant is correct that this court has held in *Vingara*, 2023 IL App (5th) 230698, ¶ 18, and *Rios*, 2023 IL App (5th) 230724, ¶ 12, that when no timely petition has been filed and a defendant has been held on an unpaid bond, the State lacks the authority to file a petition to detain due to the timing requirements of section 110-6.1.

6

¶ 15    In this case, as in *Rios* and *Vingara*, the defendant was arrested and had a cash bond set prior to the effective date of the Act—September 18, 2023. The defendant remained in custody because she was unable to post the cash bond. But, unlike the defendants in *Rios* and *Vingara*, the defendant here initiated this proceeding by filing a motion to reconsider the conditions of pretrial release on September 7, 2023, pursuant to section 110-7.5(b) of the Code, which contains the procedures pertaining to persons charged prior to the Act's effective date. *Rios*, 2023 IL App (5th) 230724, ¶ 17. In response to the defendant's motion to reconsider the conditions of pretrial release, the State filed a responsive petition requesting that the circuit court deny pretrial release.

¶ 16    When a defendant requests reconsideration of the conditions of release pursuant to the Code, the State is permitted to file a responsive petition and make opposing arguments. *People v. Thompson*, 2023 IL App (5th) 230990-U, ¶ 24. This court has found that a petition to deny pretrial release filed in response to a defendant's requests for reconsideration, modification, or removal of previously set conditions of pretrial release falls with section 110-6(g) of the Code (725 ILCS 5/110-6(g) (West 2022)). See *People v. Carter*, 2024 IL App (5th) 230977-U, ¶ 20; *People v. Cummings*, 2023 IL App (5th) 231001-U, ¶ 24; see also *Gray*, 2023 IL App (3d) 230435, ¶ 14. Section 110-6(g) provides for the removal of previously set conditions of pretrial release upon motion by either party or on the court's own motion; it also provides for the increase of conditions of pretrial release at a hearing. 725 ILCS 5/110-6(g) (West 2022); *Cummings*, 2023 IL App (5th) 231001-U. Specifically, section 110-6(g) of the Code provides that "[t]he court may, at any time, after motion by either party or on its own motion, remove previously set conditions of pretrial release, subject to the provisions in this subsection." 725 ILCS 5/110-6(g) (West 2022). Section 110-6(i) further provides that "[n]othing in this Section shall be construed to limit the State's ability to file a verified petition seeking denial of pretrial release under subsection (a) of Section 110-6.1 or subdivision (d)(2) of Section 110-6.1." *Id.* § 110-6(i).

7

¶ 17 Upon a defendant's motion to have her conditions of pretrial release reviewed, the trial court shall hold a hearing during which the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments. *Gray*, 2023 IL App (3d) 230435, ¶ 14. Therefore, the State's petition to deny pretrial release, filed in response to the defendant's request that the circuit court reconsider her previously set conditions of release, was properly filed and considered by the circuit court. As such, we also reject the defendant's contention that her trial counsel was ineffective for failing to move to strike the State's petition during the October 11, 2023, hearing. We conclude that the absence of error nullifies any ineffective assistance of counsel argument because counsel's performance was not deficient for failing to raise a meritless issue. See, *e.g.*, *People v. Stone*, 2018 IL App (3d) 160171, ¶ 20.

¶ 18 We continue our analysis by addressing the defendant's arguments contained in the defendant's notice of appeal. The defendant first checked a box on the approved notice of appeal form indicating that the State failed to prove that the defendant committed a qualifying offense. On the lines provided on the form notice of appeal the defendant directs this court to review the arguments presented at the hearing. The defendant filed a supporting memorandum which failed to address the issue. Our review of the record of proceedings regarding the detention hearing reveals that the defendant did not argue that the State had failed to meet its burden regarding whether or not the charged offenses were committed by the defendant. Defense counsel argued only that the circumstances of the offenses indicated that the defendant "was not a real and present threat to anybody" and that the defendant would comply with any conditions of release that the court found appropriate.

¶ 19 We note that the appellate court is not a depository in which the appellant may dump the burden of argument and research. *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Here, the defendant checked a box on a form and, in support of the provided

8

language, directed this court to argument that does not appear of record. "Illinois law is well settled that *** 'a reviewing court should not normally search the record for unargued and unbriefed reasons to *reverse* a trial court judgment.' " (Emphasis in original.) *People v. Givens*, 237 Ill. 2d 311, 323 (2010) (quoting *Saldana v. Wirtz Cartage Co.*, 74 Ill. 2d 379, 386 (1978)). "While a reviewing court has the power to raise unbriefed issues pursuant to Supreme Court Rule 366(a)(5), we must refrain from doing so when it would have the effect of transforming this court's role from that of jurist to advocate." *People v. Rodriguez*, 336 Ill. App. 3d 1, 14 (2002) (citing *Department of Public Aid ex rel. Peavy v. Peavy*, 307 Ill. App. 3d 16, 23-24 (1999)). Although we find the argument presented by the defendant lacking, we will address the argument on the merits. Nonetheless, we caution the parties that an appellant risks dismissal where the notice of appeal provides only conclusory claims of error, and the appellant chooses not to avail itself of the opportunity to support its contentions provided to it by Rule 604(h).

¶ 20    Where the defendant fails to present any legal argument or authority in support of her claim, we are left with the record itself. We presume the circuit court knows, follows, and applies the law, unless the record affirmatively rebuts that presumption. See *People v. McCauley*, 2013 IL App (4th) 110103, ¶ 118. We find nothing in the record on appeal that does so.

¶ 21    We have thoroughly reviewed the record in this matter. After a full hearing, the circuit court entered an order that met the requirements of section 110-6.1 of the Code in that, based on the specific articulable facts presented, the circuit court found that the defendant was charged with a detainable offense and the proof was evident or presumption great that the defendant committed the offenses (see 725 ILCS 5/110-6.1(a)(1)-(8) (West 2022)). The State presented evidence, by proffer, that a victim would testify that the defendant struck her, after which, the victim knocked the defendant to the ground. After allowing the defendant off of the ground, she pulled a gun and shot another individual in the chest and the leg. A gun was recovered at the scene of the crime.

¶ 22    The circuit court made an individualized finding that the State proved by clear and convincing evidence that the proof was evident or the presumption great that the defendant committed the offenses charged. In light of our review of the record, we find that the circuit court's factual finding was not against the manifest weight of the evidence. Because the circuit court made the necessary findings that the defendant committed a qualifying offense, based on this record, we find no reason to conclude the court's decision was "arbitrary, fanciful, or unreasonable." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 23    Next, the defendant argues that the State failed to meet its burden of proving that the defendant posed a real and present threat to the safety of any person or the community. For the detailed grounds for relief, the defendant stated, "The judge made no written findings based on the specific facts of this case." The Code requires that, in any order for detention, the circuit court shall "make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, *** based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(h)(1) (West 2022). The circuit court entered a written detention order on October 11, 2023. The order of detention is a form order that does not reflect written findings containing specific articulable facts of the case to support the circuit court's findings as required. *Id.* As part of its oral pronouncement, however, the circuit court explained its reasons for its findings on the record at the hearing. The circuit court found that the charge was serious as a bystander who was not involved in the altercation was shot twice by the defendant. The circuit court expressed its concern that the defendant had escalated a fistfight with a firearm. The circuit court indicated that it was concerned that the defendant was not a member of the local community, was from Missouri, and was arrested in California.

¶ 24    As such, we believe that the circuit court's written order, viewed in conjunction with the circuit court's oral findings, was sufficient to comply with the Code's requirement to provide

10

written findings in determining the defendant's dangerousness. See *In re Madison H.*, 215 Ill. 2d 364, 372-75 (2005) (explicit oral findings stated during a dispositional hearing advise the parties of the basis for the removal of the minor, and once transcribed, provide an equal opportunity to review the validity of the findings on appeal as well as written findings contained in an order). Based on the foregoing, we find that the circuit court's order denying pretrial release was not an abuse of discretion.

¶ 25                                    III. CONCLUSION

¶ 26    Accordingly, we affirm the October 11, 2023, detention order of the circuit court of St. Clair County.

¶ 27    Affirmed.

¶ 28    PRESIDING JUSTICE VAUGHAN, specially concurring:

¶ 29    I disagree with the majority's finding that the State may request detention under section 110-6(g) in response to defendant's motion to modify her pretrial release conditions. However, because defendant requested a hearing under section 110-6.1, I specially concur.

¶ 30    While the State may argue for increased conditions of pretrial release when a defendant files a motion to modify pretrial conditions, the statute does not allow for the State to request detention as if the case were newly filed. The Act only allows the State to bring a verified petition requesting detention "at the first appearance before a judge, or within the 21 calendar days *** after arrest and release of the defendant upon reasonable notice to defendant" (725 ILCS 5/110-6.1(c)(1) (West 2022)) or if the State presents "a verified application setting forth in detail any new facts not known or obtainable at the time of the filing of the previous petition" (*id.* § 110-6.1(d)(2)).

¶ 31    While section 110-6(g) allows a court to add or increase conditions of pretrial release (*id.* § 110-6(g)), a request to detain is not, and cannot be, a condition of pretrial release. A "bail

11

condition" is defined as "[a] limitation placed on *the grant* of a criminal defendant's bail." (Emphasis added.) Black's Law Dictionary (11th ed. 2019). Conversely, "detention" is defined as "[t]he act[,] or an instance of holding a person in custody; confinement or compulsory delay." *Id.* Our own and other appellate courts use "detention" or "denial of pretrial release" interchangeably. See *People v. Houts*, 2023 IL App (5th) 230715-U, ¶ 8; *Rios*, 2023 IL App (5th) 230724, ¶ 10; *Vingara*, 2023 IL App (5th) 230698, ¶ 16; *People v. Martin*, 2023 IL App (4th) 230826, ¶ 26; *People v. Robinson*, 2023 IL App (2d) 230345-U, ¶ 7; *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11 (citing section for denial of pretrial release but stating detention); *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 11 (same). Detention cannot be a condition of release; when a defendant is ordered detained, that defendant cannot be released under any condition. Detention is *not* the most restrictive condition of pretrial release; it is an outright denial of pretrial release.

¶ 32 My colleagues further overlook that section 110-6(g) allows the court to increase pretrial conditions only pursuant to a hearing under section 110-6. 725 ILCS 5/110-6(g) (West 2022). There are two types of hearings under section 110-6: revocation hearings (*id.* § 110-6(a)) and sanction hearings (*id.* § 110-6.1(b)-(d)). Neither apply here.

¶ 33 The State may file a petition to revoke pretrial release and request detention only where (1) a defendant was previously granted pretrial release for a felony or Class A misdemeanor and was later charged with a felony or Class A misdemeanor that occurred while defendant was on pretrial release or (2) the defendant was previously provided pretrial release conditions and was subsequently charged with violation of a protective order or was previously convicted of a violation of a protective order and the subject of the protective order is the same person as the victim in the current matter. *Id.* § 110-6(a). All other defendants *may not* have their pretrial release revoked, and the court's authority is limited to imposing sanctions for violations of pretrial release (*id.* § 110-6(b)-(d)), which include a written or verbal admonishment, a modification of

12

defendant's pretrial conditions, or imprisonment in the county jail for a period not exceeding 30 days (*id.* § 110-6(f)). Here, there is no allegation that defendant committed a crime during pretrial release or violated any condition of her pretrial release. As such, section 110-6(g) is inapplicable by its own terms.

¶ 34    What is important to note is that the State had the authority to request defendant's detention before the effective date of the Act. 725 ILCS 5/110-6.1(a) (West 2020). Here, by deciding not to file a petition requesting pretrial detention at defendant's first appearance, the State acquiesced in allowing defendant's pretrial release. To allow the State to later request detention in response to a defendant's motion to modify conditions of release—without some intervening event—has no basis in either the current or former statute. See *id.* (only allowing for verified petition by the State to deny bail if a petition is filed at the first appearance or within 21 calendar days after defendant's arrest and release); 725 ILCS 5/110-6.1(c)(1) (West 2022) (same); 725 ILCS 5/110-6(f) (West 2020) (allowing for revocation of bail if defendant committed a forcible felony or Class 2 or greater offense under an Act related to controlled substances, cannabis, or methamphetamine, or statutorily listed charges involving aggravated battery and unlawful restraint against the same victim that is a family or household member of the previous charge); 725 ILCS 5/110-6(a) (West 2022) (allowing revocation of pretrial release for defendant who have been previously granted pretrial release for a felony or Class A misdemeanor and later charged with a felony or Class A misdemeanor that occurred while defendant was on pretrial release or if the defendant was previously provided pretrial release conditions and is charged with violation of a protective order or was previously convicted of a violation of a protective order and the subject of the protective order is the same person as the victim in the current matter).

¶ 35    Timeliness for requesting a defendant's detention has, in modern times, always been required early in the case. 725 ILCS 5/110-6.1(a) (West 2022); 725 ILCS 5/110-6.1(a) (West

2020). Requesting detention, or a revocation of pretrial release conditions, is not a moving target that depends on whether the defendant later files for a modification of pretrial release conditions. The State's opportunity to determine whether it wishes to allow for pretrial release (which previously included bail) or to request defendant's detention is limited under both the current and prior statutes. Similarly, under both the prior and current statute, a petition to revoke pretrial release has always required an intervening event. Compare 725 ILCS 5/110-6(a) (West 2022); 725 ILCS 5/110-6(a) (West 2020).

¶ 36    Here, the State's petition requested denial of pretrial release under section 110-6.1. However, such petition was untimely under both *Vingara* and *Rios* because pretrial release conditions were established prior to the filing of the State's petition. *Vingara*, 2023 IL App (5th) 230698, ¶ 23; *Rios*, 2023 IL App (5th) 230724, ¶ 16. Moreover, the State could not meet any of the criteria required for revocation of those pretrial conditions under section 110-6(a). As stated above, a request to detain is not an increase in pretrial release conditions under section 110-6(g). The State therefore had no statutory authority to request detention of defendant.

¶ 37    The inapplicability of section 110-6(g), however, does not affect the outcome of this matter. As noted above, defendant's motion to modify her bail conditions requested a hearing under either section 110-5(e) or section 110-6.1. Her claim contends the court erred in detaining her pursuant to the State's verified petition to detain defendant, which is only allowed under section 110-6.1. Essentially, defendant is claiming the court erred by holding a hearing under section 110-6.1, which was the same hearing defendant specifically requested. Such claim of error is precluded by the invited error doctrine. "[U]nder the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error." (Internal quotation marks omitted.) *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). Because

14

defendant specifically requested a hearing under section 110-6.1, she cannot now raise on appeal the error she invited. *Id.* at 386.

¶ 38    For these reasons, I specially concur.