NOTICE
Decision filed 02/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231219-U

NO. 5-23-1219

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 23-CF-722 |
| | ) | |
| RICHARD DURNELL, | ) | Honorable |
| | ) | Derek J. Girton, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justice Boie concurred in the judgment.
Presiding Justice Vaughan specially concurred.

**ORDER**

¶ 1    *Held:* Where the circuit court's written order and oral pronouncements were sufficient to supporting a finding that less restrictive conditions would not assure the safety of any person or persons or the community, the circuit court's decision to detain the defendant was not an abuse of discretion.

¶ 2    The defendant, Richard Durnell, appeals the circuit court's order regarding his pretrial release pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 101-652, § 10-255

---

[1]The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act.

1

(eff. Jan. 1, 2023); Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).[2]

¶ 3    Pretrial release is governed by the Act as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)). A defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1. After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The circuit court may order a defendant detained pending disposition if the defendant is charged with a qualifying offense, and the court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)). If the circuit court determines that the defendant should be denied pretrial release, the court is required to make written findings summarizing the reasons for denying pretrial release. *Id.* § 110-6.1(h).

¶ 4    To reverse a trial court's finding that the State presented clear and convincing evidence showing that mandatory conditions of release would fail to protect any person or the community, the reviewing court must conclude that the trial court's findings were against the manifest weight

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before February 14, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

of the evidence. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for requirement of clear and convincing evidence by the State in juvenile proceedings). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Id.* Additionally, questions regarding whether the trial court properly considered one or more of the aforementioned factors in determining dangerousness are reviewed for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15 (in considering trial court's decision to deny bail, the reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate factors differently).

¶ 5     If the circuit court finds the State proved a valid threat to a person's safety or the community's safety and/or defendant's likely willful flight to avoid prosecution, or defendant's failure to abide by previously issued conditions of pretrial release, then the court must determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[3] (4) the nature and seriousness of the specific, real, and present

---

[3]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the

3

threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* § 110-5(a). The statute lists no singular factor as dispositive. See *id.* The circuit court's pretrial release determination, modification of pretrial release determination, or revocation of pretrial release determination will not be reversed unless the determination was an abuse of discretion. See *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977); *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 15 (setting a similar standard of review for the sentence imposed on the defendant after the circuit court's consideration of statutory factors and evidence presented at sentencing).

¶ 6                                    I. BACKGROUND

¶ 7      On November 20, 2023, the defendant was charged by information with three counts of felony domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2022)) and one count of unlawful restraint (*id.* § 10-3(a)). The same day, the State filed a verified petition to deny the defendant's pretrial release, and a hearing on that petition was held on November 21, 2023.

¶ 8      At the detention hearing, the State began by reciting the defendant's multi-county, lengthy criminal history, which included multiple violent offenses. The defendant was currently on probation for a felony domestic battery from the same year, with the same victim in this case. The State then proffered the facts of the case, stating that these four counts involved the same victim, on separate instances. On November 19, 2023, at around 12:40 p.m., the defendant threw the victim down and struck her in the back of the head, while witnesses were present. When she attempted to flee, he blocked her path and then pushed her as she tried to get away. Around 8:40 p.m., he climbed through an unlocked window where the same victim was residing and held her down by

---

defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

4

her head. Police responded to both of these incidents. Defense counsel argued that the defendant had conflicting evidence to present, that the witnesses were lying, and the alleged victim was using this case to aid her own case that was set to go to trial on December 5, 2023, in which the defendant here was the victim.

¶ 9    At the conclusion of the hearing, the circuit court first pointed out that the defendant was released from custody two days prior to these incidents "with the requirement that he keep the peace with Ms. Durnell. At which point he was promptly arrested within 48 hours." The court went on to state the following:

> "The evidence is clear and convincing that we have a qualifying offense; that he, based on the criminal history as well as the allegations in this case, poses a threat. The question is whether or not there could be any conditions—and given that we just told him 48 hours before not to be back here in an orange jumpsuit where she is involved, I do not believe that there are any such conditions. So therefore, he will be detained until further hearing."

¶ 10    The circuit court entered a written form order, where it checked the box finding by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense listed in paragraphs (1) through (7) of section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)); and the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case; and no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons. In the space provided for the court's reasons to conclude that the defendant should be denied pretrial release, the court wrote "State's Profer [*sic*] of Facts" and "See Above." The defendant was ordered detained and filed a timely appeal. Ill. S. Ct. R. 604(h) (eff. Oct. 19, 2023).

¶ 11                                        II. ANALYSIS

¶ 12    The defendant argues that the circuit court erred in granting the State's petition to detain because the petition was "deficient" for failing to specify articulable facts of the defendant's dangerousness. The defendant failed to object to the State's petition at the detention hearing. It is well established that for a criminal defendant to preserve an issue for review on appeal, the defendant must object at trial. *People v. Jackson*, 2022 IL 127256, ¶ 15. An objection is required because failure to do so "deprives the circuit court of an opportunity to correct the error, thereby wasting time and judicial resources." *Id.* Accordingly, we find the argument is forfeited. The defendant attempts to avoid forfeiture by arguing that counsel was ineffective for failing to object to the form of the State's petition.

¶ 13    Section 110-6.1(d)(1) provides: "The petition shall be verified by the State and shall *state the grounds* upon which it contends the defendant should be denied pretrial release, including the real and present threat to the safety of any person or person or the community, based on the specific articulable facts or flight risk, as appropriate." (Emphasis added.) 725 ILCS 5/110-6.1(d)(1) (West 2022). Here, the State filed a preprinted form captioned, "THE PEOPLE'S VERIFIED PETITION TO DENY DEFENDANT PRETRIAL RELEASE." The form contains four boxes which can be checked. The State placed on "x" in the first box and alleged:

> "The defendant is charged with an offense under Section 110-6.1(a)(1), (1.5) or (3) through (7), and the defendant poses a real and present threat to the safety of any person or person or the community, and no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case. See 725 ILCS 5/110-6.1(a)(1), (1.5), (3), (4), (5), (6), (6.5), (7), (e)(3)."

6

¶ 14 We find this language is sufficient to satisfy the contents of the State's petition as required by the Code. We note that section 110-6.1(f)(1) mandates that the defendant shall be provided discovery and the defendant's criminal history before the pretrial detention hearing. *Id.* § 110-6.1(f)(1). It would be overly burdensome to require the State to prove its case for pretrial detention before the hearing in its initial pleading and again at the hearing on that petition. Accordingly, the defendant's trial counsel did not commit error by failing to object to the form of the State's petition. The absence of error nullifies any ineffective assistance of counsel claim because counsel's performance was not deficient for failing to raise a meritless issue. See, *e.g.*, *People v. Stone*, 2018 IL App (3d) 160171, ¶ 20.

¶ 15 The defendant next argues that the circuit court failed to find that he "committed" a detainable offense, because the trial court stated, "The evidence is clear and convincing that we *have* a qualifying offense." (Emphasis added.) The defendant interprets the word "have" to mean that the court only found that the defendant had been "charged" with a detainable offense. We find this picayune argument unavailing. Particularly considering that the written "ORDER FOR DETENTION" checked the box that the court found "by clear and convincing evidence that the defendant *committed* a qualifying offense." (Emphasis added.)

¶ 16 The defendant then argues that the circuit court failed to make required written findings (1) why less restrictive conditions would not assure the safety of any person or persons or the community and (2) reasons to conclude that the defendant should be denied pretrial release. In the "ORDER FOR DETENTION," in the space provided for the court's findings and reasons, the circuit court wrote, "State's Profer [*sic*] of Facts" and "See Above." We agree that it would be preferable for the circuit court to provide more written detail to support its findings and reasons. However, we cannot ignore the court's oral pronouncements at the conclusion of the detention

7

hearing. In fact, "we believe that the circuit court's written order, viewed in conjunction with the circuit court's oral findings, was sufficient to comply with the Code's requirement to provide written findings in determining the defendant's dangerousness." *People v. Turner*, 2024 IL App (5th) 230961-U, ¶ 24 (filed Feb. 20, 2024).[4] The circuit court's findings and reasons were adequately summarized when it emphasized that the defendant had just been released from custody 48 hours earlier for a similar incident involving the same victim, after being admonished to refrain from any conduct that would lead to a future appearance before the court involving the same victim.

¶ 17    The defendant's reliance on *People v. Stock* is unpersuasive. 2023 IL App (1st) 231753, ¶¶ 17-21. *Stock* is distinguishable because while the circuit court's written order failed to supply an explanation why less restrictive conditions would not avoid a real and present threat to the safety of any person or the community, the First District emphasized that the circuit court's oral pronouncement also failed to contain any such reasoning. *Id.* ¶ 20.

¶ 18                              III. CONCLUSION

¶ 19    Based on our review of the entire record, we conclude that the circuit court's findings supporting the defendant's pretrial detention were not against the manifest weight of the evidence and its decision to detain the defendant was not an abuse of discretion.

¶ 20    Affirmed.

¶ 21    PRESIDING JUSTICE VAUGHAN, specially concurring:

¶ 22    I agree with my colleagues' affirmation of the trial court's detention order. However, I disagree with my colleagues' conclusion that the State is not required to include the specific and

---

[4]A disposition filed under Illinois Supreme Court Rule 23 is cited for persuasive authority only. Ill. S. Ct. R. 23 (eff. Feb. 1, 2023).

articulable facts related to the allegation that a defendant poses a real and present threat in its verified petition.

¶ 23 The contents of the State's petition are governed by statute. See 725 ILCS 5/110-6.1(d) (West 2022). The statute says, "The petition shall be verified by the State and shall state the grounds upon which it contends the defendant should be denied pretrial release, including the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts or flight risk, as appropriate." *Id.* § 110-6.1(d)(1). Therefore, the issue must be determined by applying principles of statutory interpretation.

¶ 24 "The primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature." *People v. Clark*, 2019 IL 122891, ¶ 18. "All other canons and rules of statutory construction are subordinate to this cardinal principle." *Id.* The most reliable indicator of such intent is found in the plain and ordinary meaning of the statutory language. *Id.* ¶ 20. "A court must not depart from a statute's plain language by reading into it exceptions, limitations, or conditions that the legislature did not express." *Id.* ¶ 23.

¶ 25 In order to accept the majority's position, I would be required to ignore two well-established principles of statutory construction. The first principle states that "in determining the intent of the legislature, the statute must be read as a whole and all relevant parts considered." *People v. Jordan*, 103 Ill. 2d 192, 206 (1984). The second principle states that "statutes should be construed so that no word or phrase is rendered superfluous or meaningless." *People v. Parvin*, 125 Ill. 2d 519, 525 (1988).

¶ 26 Section 110-6.1 lists four general bases on which the State can request pretrial detention. One such basis is that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and defendant was

9

charged with any qualifying offense under section 110-6.1(a)(1), (1.5), or (3) through (7). 725 ILCS 5/110-6.1(a)(1), (1.5), (3)-(7) (West 2022). If, as the majority suggests, section 110-6.1(d)(1) only required the State to provide which basis of section 110-6.1 it relied upon to request pretrial detention, there would be no reason for the legislature to insert the additional language that stated, "including the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts or flight risk, as appropriate." Thus, to accept the majority's interpretation, I would have to ignore the words and phrases following the words "pretrial release" or find them superfluous, which is contrary to statutory interpretation principles. Ignoring the additional statutory language is not an option. See *Jordan*, 103 Ill. 2d at 206.

¶ 27 The majority's interpretation also fails under the *in pari materia* doctrine. Under this doctrine, "[s]tatutes which relate to the same thing or to the same subject or object are *in pari materia*." *People ex rel. Harrell v. Baltimore & Ohio R.R. Co.*, 411 Ill. 55, 59 (1951). "[S]tatutes *in pari materia* should be construed together." *Id.* Here, section 110-6.1(f) requires the State, "[p]rior to the hearing," to "tender to the defendant copies of the defendant's criminal history available, any written or recorded statements, and the substance of any oral statements made by any person, *if relied upon by the State in its petition*, and any police reports in the prosecutor's possession at the time of the hearing." (Emphasis added.) 725 ILCS 5/110-6.1(f) (West 2022). The emphasized language in section 110-6.1(f) only has meaning if the State is required to provide specific and articulable facts in the petition.

¶ 28 Nor do I agree that requiring the State's verified petition to adhere to the statute would be "overly burdensome." In most instances seen on review, the State's petition is filed the same day, or shortly after the day, that the information containing the charges brought against a defendant is filed. If the basis of the detention petition stems from the alleged criminal activity, it would take

10

little—or no—effort for the State to attach a copy of the information to the verified petition and cite the attachment as the "specific and articulable facts" for its verified petition. Moreover, requiring the State to provide insight as to the basis of its petition to the defendant is consistent with the intended purpose of the statute, which is to provide a defendant sufficient material to prepare for the pretrial detention hearing.

¶ 29   In any event, my disagreement with the majority's determination as to what must be contained in the State's petition does not change the outcome of the disposition as it relates to defendant's ineffective assistance of counsel claim. While I disagree with the majority's finding that trial counsel's actions were not erroneous, I agree the ineffective assistance claim does not require reversal.

¶ 30   In the context of the sixth amendment, the United States Supreme Court has held that the right to assistance of counsel is the right to "effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). This level of assistance is evaluated under the standard addressed in *Strickland v. Washington*, 466 U.S. 668 (1984), as adopted in *People v. Albanese*, 104 Ill. 2d 504, 526 (1984). "To prevail on a claim of ineffective assistance of counsel [under *Strickland*], a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Cathey*, 2012 IL 111746, ¶ 23. A failure to satisfy either *Strickland* prong "precludes a finding of ineffective assistance of counsel." *People v. Henderson*, 2013 IL 114040, ¶ 11.

¶ 31   The failure to establish prejudice alone is a sufficient basis to deny a claim of ineffective assistance of counsel. *People v. Jackson*, 2020 IL 124112, ¶ 91. Here, defendant's argument regarding his ineffective assistance claim consisted solely of the following sentence: "Durnell does not wish to spend the pendency of his case in jail and if this court finds Durnell's argument in his

notice of appeal insufficient to preserve the issue his counsel's failure to include the claims was unreasonable." I find this argument woefully infirm to establish prejudice. See *People v. Richardson*, 189 Ill. 2d 401, 411 (2000) (To establish prejudice, the "defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Here, no argument is asserted that the outcome of the hearing would have been different if defense counsel had required the State to provide a more detailed petition requesting pretrial detention. As noted by the majority in its forfeiture analysis, if trial counsel had objected to the petition, the trial court would have had an opportunity to fix the error. Here, the trial court could continue the case and direct the State to file a more specific petition. Accordingly, there is no indication that the result of the hearing would have been different.

¶ 32     Regardless, even if the argument had been presented, the argument would have no merit. *Strickland* prejudice has always focused on the outcome of the case itself. See *People v. Shannon*, 2024 IL App (5th) 231051, ¶¶ 25-32 (Vaughan, P.J., dissenting). For example, in *Glover v. United States*, 531 U.S. 198, 203 (2001), the alleged error of counsel prejudiced defendant because it increased the ultimate term of imprisonment—*i.e.*, affected the ultimate outcome of the proceedings. *Id.* at 203-04. Similarly, the effect of the "outcome" was considered when addressing trial counsel's poor advice regarding a plea offer (*Lafler v. Cooper*, 566 U.S. 156, 168 (2012)), trial counsel's failure to inform defendant of a plea offer (*Missouri v. Frye*, 566 U.S. 134, 148 (2012)), or even appellate counsel's failure to present a claim on which defendant "would have prevailed on his appeal" (*Smith v. Robbins*, 528 U.S. 259, 285 (2000)). In each instance, the outcome of defendant's proceedings, *i.e.*, his conviction or imprisonment, was the main focus when determining prejudice. The same is seen in Illinois cases. See *Richardson*, 189 Ill. 2d at 412 (appellate counsel's failure to raise an issue on direct appeal); *Jackson*, 2020 IL 124112, ¶¶ 85, 91

12

(failure to object to prosecutorial remarks during closing argument of the trial); *People v. Ceja*, 204 Ill. 2d 332, 358 (2003) (same); *People v. Harris*, 182 Ill. 2d 114, 137 (1998) (failure to object to testimony submitted during the trial).

¶ 33    Here, defendant has alleged no facts and presented no argument to show that the pretrial release hearing would have any bearing on the ultimate, and yet undetermined, outcome of his pending criminal charges. Without an ultimate outcome, this court is precluded from engaging in any rational analysis of prejudice. Therefore, I find defendant's claim of ineffective assistance completely unwarranted due to the prematurity of such claim at this juncture. See *Shannon*, 2024 IL App (5th) 231051, ¶ 35 (Vaughan, P.J., dissenting).

¶ 34    For these reasons, I specially concur.