NOTICE

Decision filed 03/08/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231297-U

NO. 5-23-1297

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | No. 23-CF-181 |
| | ) | |
| MICHAEL T. MORRISSEY, | ) | Honorable |
| | ) | Bryan M. Kibler, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order of detention where the circuit court's docket entry, viewed in conjunction with its oral pronouncements, substantially complies with the Act, and where the circuit court's factual findings were not against the manifest weight of the evidence.

¶ 2    Defendant, Michael T. Morrissey, appeals the December 1, 2023, order of the circuit court of Christian County granting the State's petition to deny defendant pretrial release and ordering him detained pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act),[1] as codified in article 110 of the

---

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). For the following reasons, we affirm the circuit court's detention order of December 1, 2023.[2]

¶ 3                                    I. BACKGROUND

¶ 4      On November 30, 2023, the State charged defendant by information with one count of home invasion, a Class X felony, in violation of section 19-6 of the Criminal Code of 2012 (720 ILCS 5/19-6(a)(2) (West 2022)), and one count of residential burglary, in violation of section 19-3 of the Criminal Code of 2012 (*id.* § 19-3(a)). That same day, the State filed a verified petition to deny defendant pretrial release. On December 1, 2023, the circuit court held a hearing on the State's petition. At the hearing, the State called the victim of the residential burglary to testify. The victim testified that he did not know defendant well, but had met him through a mutual friend. The victim would occasionally wash defendant's laundry for him. On November 15, 2023, defendant arrived at victim's home to pick up his laundry. After collecting his laundry, the victim drove defendant back to his apartment and dropped him off. Fifteen minutes after arriving home, the victim discovered defendant entering his garage. The victim testified that defendant was "yelling that I was lying to him. That I had his mom's dresser. That he wanted all the gold and the jewels and the diamonds and the lottery tickets back." The victim replied that he did not know what defendant was talking about. Defendant then struck the victim several times with a beer bottle. The victim testified that he feared for his life, so he told defendant he "had the stuff in the attic, and he stopped beating me." The victim retrieved the suitcase from the attic and gave it to defendant, who began to go through it. While defendant was distracted with the suitcase, the victim ran into his

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before March 4, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

house and barricaded the door. The victim then fled his house after defendant gained entry to the house. When the victim returned with police, he noted several items were missing: coins, a necklace, some cash, a computer, and the garage door opener.

¶ 5 The victim further testified that defendant came back the next day and knocked on the door and a window seeking to speak with the victim. According to the victim, defendant returned to the house multiple times. The pretrial investigation report showed that defendant received the highest possible likelihood of reoffending score on the Virigina Pretrial Risk Assessment. After the circuit court considered the victim's testimony and proffers and arguments from counsel, it made oral findings denying defendant pretrial release. The circuit court then made a docket entry stating that the "State has [met] all the necessary prongs for detention and court cannot find a less restrictive alternative than continued *** detention; Defendant ordered detained." The court did not enter any other written orders. Defendant timely filed a notice of appeal on December 13, 2023.

¶ 6                                    II. ANALYSIS

¶ 7 On appeal, defendant first argues that the circuit court failed to enter a written order consistent with section 110-6.1(h) of the Code (725 ILCS 5/110-6.1(h) (West 2022)). Defendant also contends that the State failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight. We consider these arguments in turn.

¶ 8 First, defendant argues the circuit court erred when it failed to enter a written detention order consistent with the Act's requirements. *Id.* The State rebuts that the "docket entry, taken with the report of proceedings, provides the factual basis for appellate review." We agree with the State.

¶ 9 Under the Code, circuit courts "shall, in any order for detention: *** make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial

3

release." *Id.* § 110-6.1(h)(1). Recently, in *People v. Turner*, 2024 IL App (5th) 230961-U, this court discussed the requirement of written findings. In that case, the circuit court made oral pronouncements on the record explaining its reasoning for detaining the defendant. *Id.* ¶ 23. It then entered a form detention order that contained no written findings on the specific facts of the case. *Id.* Pointing towards the circuit court's detailed oral findings, this court found "the circuit court's written order, viewed in conjunction with the circuit court's oral findings, was sufficient to comply with the Code's requirement to provide written findings ***." *Id.* ¶ 24 (citing *In re Madison H.*, 215 Ill. 2d 364, 372-75 (2005)).

¶ 10 Similarly, here, the circuit court made detailed oral pronouncements on the record—being so careful as to mirror its oral findings with the three-prong requirement set forth in the Code. First, the court found, based upon the State's proffer and the victim's testimony, that the State "has proven by clear and convincing evidence that these offenses occurred. The State presented more evidence than they normally would." Second, the court stated that defendant was "obviously, a real threat to the alleged victim." Third, the court stated, based upon the pretrial investigation report and the State's proffer, that it could not "condition or draft a less restrictive alternative at this time for [defendant]." Moreover, the court made a written docket entry outlining its general findings. Therefore, as in *Turner*, we find that the circuit court's written docket entry, viewed in conjunction with its oral pronouncements, was sufficient to comply with the requirement to provide written findings.

¶ 11 Defendant's second argument on appeal is that the State failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight. Specifically, defendant contends that the State "failed to show why a no contact order, no go order, GPS monitoring, or

4

electronic home confinement order would fail to mitigate any threat to safety based on the specific articulable facts of the case." We disagree.

¶ 12    To set appropriate conditions of pretrial release, the circuit court must determine, by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[3] (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The statute lists no singular factor as dispositive. See *id.*

¶ 13    Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is

---

[3]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 14　The circuit court's ultimate determination regarding the denial of pretrial release is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. "An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court." *People v. Heineman*, 2023 IL 127854, ¶ 59.

¶ 15　We have thoroughly reviewed the record on appeal in this matter. The circuit court made an individualized finding to deny pretrial release to defendant after considering the facts presented, the pretrial investigation report, arguments made by counsel, testimony by the victim, and the statutory factors. The court found that the proof was evident or presumption great that defendant committed the charged offenses and that such charged offenses (residential burglary) were expressly listed in the Code as a detainable offense. 725 ILCS 5/110-6.1(a)(6)(Q) (West 2022). The court found that the State proved that defendant posed a real and present threat to the safety of the victim based on the specific articulable facts of defendant's case. The court heard testimony from the victim and found that the victim faced a legitimate fear for his safety and life should defendant be released. Defendant entered the victim's garage and beat the victim with a bottle. Defendant stole various items from the victim, including the victim's garage door opener, and returned to the victim's house multiple times. Finally, the circuit court found that no condition or combination of conditions could mitigate the real and present threat posed by defendant. The court rejected defense counsel's argument that GPS monitoring or no-contact orders could mitigate the real and present danger to the victim. The court noted that defendant returned multiple times to the victim's residence despite orders by the victim and the police not to do so. The court also noted that defendant received the highest possible score on the Virginia Pretrial Risk Assessment

indicating a high likelihood of reoffending while on pretrial release. Viewing together the facts of the case, defendant's risk assessment score, and defendant's past criminal history, the court found that no condition or combination of conditions would mitigate the real and present danger to the victim. We cannot say that the opposite conclusion is clearly evident.

¶ 16   Therefore, in light of our review of the record, we find that the circuit court's factual findings were not against the manifest weight of the evidence and the circuit court's ultimate determination to deny the defendant pretrial release was not an abuse of discretion.

¶ 17   Based on the foregoing, we find that the circuit court's order denying pretrial release was not an abuse of discretion.

¶ 18                                III. CONCLUSION

¶ 19   Accordingly, we affirm the December 1, 2023, detention order of the circuit court of Christian County.

¶ 20   Affirmed.